## CLARK *v.* SMITH.

[70 South. 897.]

GUARDIAN AND WARD. *Removal. Grounds.*

> Where the guardian of the estate of a minor has been convicted of embezzlement in the circuit court, the chancellor is warranted in removing him without investigating into the merits of the conviction, notwithstanding he has appealed his case to the supreme court and given a *supersedeas* bond.

APPEAL from the chancery court of Claiborne county. HON. R. W. CUTRER, Chancellor.

Petition by Mrs. Leila Smith against John Clark, for his removal as guardian. From a decree of removal, the guardian appeals.

The facts are fully stated in the opinion of the court.

*R. B. Anderson* and *J. T. Drake,* for appellant.

There was only the conviction upon which the chancellor could have by any possibility acted, and we again urge

that this conviction was not in force when the order of
removal was entered. It had been superseded under sec-
tion 62 of the Code, and had no existing effect; further-
more he had been admitted to bail, and was at liberty.
The state of facts differed in no material way from what
it would have been had he been merely indicted. He might
be convicted on an indictment; he might be acquitted;
an appeal might result in an affirmance; on the other
hand there might be a reversal. The conviction was not in
force; the sentence was stayed, and the conviction super--
seded.

What is a supersedeas? It is defined as follows in 2
Cyc., page 885: "In modern times, the term is often used
synonymously with a stay of proceedings, and is employed
to designate the effect of an act or proceeding which of
itself suspends the enforcement of a judgment."

Again: "A writ of *supersedeas* is an auxilliary process,
designed to supersede the enforcement of the court be-
low."

An appeal under section 62 is therefore a *supersedeas;*
the conviction stands suspended, and is of no present ef-
fect; it is effective only when an affirmance shall have
been had, and in this case there was reversal.

The citation from Wigmore, section 2579, does not up-
hold the position taken by appellee; we quote from that
very section: "However, for reasons of convenience,
where controversy is unlikely and the expense of a copy
would be disproportionate, courts are often found taking
notice of the tenor and effect of some part of a judicial
proceeding without requiring formal evidence."

Further, this supreme court, in the case of *Y. & M. V.
R. R. Co.* v. *Adams,* 85 Miss. 772, took judicial notice of
the findings of the state railroad commission; if it then
took notice of the findings of an inferior tribunal, it should
certainly now take notice of the act which it has done
itself.

The argument is that the ward's interest might suf-
fer, but there can be no reason to think so. On the other

hand, Clark's rights are undoubtedly invaded by the decree removing him, provided he was not guilty, and there can be then no final adjudication of his guilt, and has not been as yet. In fact his appeal was sustained, and his position approved by this court as to the validity of the conviction.

*Ben. W. L. Bedford,* for appellee.

Section 2407, Mississippi Code of 1906, authorizes the chancery court to remove a guardian "for sufficient cause." The statute does not define "sufficient cause" and it is a matter, therefore, left to the sound discretion of the chancellor. It is too well settled for argument that where matters are left to the sound discretion of the trial court, like a finding of fact, the findings of the trial court will not be disturbed on appeal, unless the finding was manifestly wrong or unless it appears that the discretion has been abused. *Coffee* v. *Coffee* (Miss.), 24 So. 532; *Moyse et al.* v. *Howie* (Miss.), 53 So. 402; *Interstate Etc. Co.* v. *Lapsley* (Miss.), 24 So. 532; *Stevens* v. *Magée,* 81 Miss. 644; *Derdeyn* v. *Donovan,* Id. 696; *Clifton* v. *Clark et al.,* 84 Miss. 795; *Gross* v. *Jones,* 89 Miss. 44.

Now then, was the chancellor manifestly wrong or did he abuse his discretion when he found that the conviction of a cashier of a bank, in which his wards' funds had been deposited by him and were then on deposit, on a charge of embezzlement from that bank, was "sufficient cause" for the removal of the guardian? Counsel for the appellant, in his brief, seems to lay more or less stress upon the fact that, since the order removing the appellant as guardian and pending this appeal, this court has reversed the circuit court of Claiborne county, in the conviction of appellant on said charge and has remanded his case for another trial. The case at bar is before this court, of course, on review and not for a trial *de novo.* But even if it were, this court could not take judicial notice of the reversal in the criminal case: Wigmore on Evid., sec. 2579.

Counsel seems to confuse "judicial notice" and "knowledge of one or more of the justices." The appellant has no copyright on the name "John W. Clark;" there might have been three or four of them convicted of embezzling the funds of the Bank of Hermanville. This court will, therefore, disregard the alleged reversal of the said conviction and consider simply whether or not the chancellor was manifestly wrong or abused his discretion in ordering the removal of appellant, as such guardian. If the chancellor was correct then, for the purposes of this appeal, he is correct now. If the appellant had even been proven innocent, it could not have any bearing here. As presented to the chancellor, the appellant had been found guilty and had been sentenced to five years in the penitentiary. It behooved the appellant to be shaping up his personal affairs to be ready for an enforced absence of five years and he could hardly be expected to give the minors' business that care and attention, pending his appeal, that said business would require.

Leaving out of consideration all turpitude that has attached to appellant by the conviction of embezzlement, his confinement renders him unable to attend to his own business. Section 2436, Code of 1906, provides for the appointment of a guardian for the estate of any convict, sentenced to the penitentiary for a year or longer. Certainly, the chancellor was not manifestly wrong when he declined to gamble on a future decision of this court. The jealously with which the chancery court guards the estates of minors is inconsistent with any such chance taking. The estates of the minors could not suffer by the removal of the guardian; they might seriously suffer by his retention pending his appeal on the criminal charge. Upon an affirmance of the sentence, he would have at once, been confined in the penitentiary, there to remain for five years. Would not the chancellor have been taking a chance with the minors' estate to have done otherwise than remove the appellant?

The fact of the guardian's conviction was of itself and alone, sufficient to, not only authorize the chancellor to remove him, but make it his imperative duty.

POTTER, J., delivered the opinion of the court.

On petition of Mrs. Mary Smith, the mother of J. D. Millsaps, W. W. Millsaps, and Chas. Jackson Millsaps, minors, their guardian, John W. Clark, was removed as guardian of their property. The ground upon which the chancellor removed Mr. Clark as guardian for the above minors was that Mr. Clark had been convicted of a charge of embezzlement by the circuit court of Claiborne county. He had appealed from this conviction, had been granted bail, and a *supersedeas* of the judgment and sentence granted him.

It is the contention of appellant that, in view of the fact Mr. Clark had appealed his case, and that the appeal stayed the execution, and was granted bail, the chancellor erred in his finding, and that his removal was not a proper exercise of discretion; and especially is it urged that this court ought to take that view because this court has reversed and remanded the criminal case against Clark. In determining whether or not the chancellor erred in this instance in the exercise of the discretion confided in him to remove guardians, we will consider this case in the same light and with the same facts before us that the chancellor had before him.

The guardian in this case had been convicted on a charge of embezzlement, by a court of competent jurisdiction, and sentenced to a term in the state penitentiary. Having in view the interests of the wards, it occurs to us that it was not incumbent upon the chancellor to inquire into the correctness of the findings of the circuit court. The conviction in the circuit court in a felony case, especially when the charge against the guardian is embezzlement of funds, is, in our opinion, sufficient ground for the exercise of the chancellor's discretion in removing a guardian.

The judgment of the chancellor is therefore affirmed.

*Affirmed.*