On Suggestion of Error.*

(Division B.    Nov. 2, 1925.)

[105 So. 769.]

INSURANCE. *Declaration in suit on insurance policy not setting forth in specific allegations terms and conditions thereof and not containing policy as exhibit held demurrable.*

Under section 734, Code of 1906 (Hemingway's Code, section 517), in actions founded on any writing a copy of such writing must be annexed to or filed with the declaration, and, where the declaration does not contain the exhibit, and does not set forth in specific allegations all the terms and conditions of the contract, the declaration is demurrable, and no relief on decree *pro confesso* and final decree can be rendered. This section is applicable to a suit in the chancery court on an insurance policy.

*Headnote 1. Insurance, 33 C. J., Section 796.

Suggestion of error overruled.

ETHRIDGE, J., delivered the opinion of the court.

The appellee has filed a suggestion of error in which he insists that we erred in the holding that the court could not grant relief on the allegations of the bill without the aid of discovery. There was no copy of the insurance policy filed with the bill, nor did the bill allege the terms and conditions of the policy, but did allege that the policy was lost, and prayed for a discovery against the defendants as to the terms and conditions, etc., of the policy.

Section 734, Code of 1906 (Hemingway's Code, section 517), provides:

"In actions founded on any writing, a copy of such writing, with the names of subscribing witnesses, if any, shall be annexed to or filed with the declaration; and evidence thereof shall not be given on the trial unless so annexed or filed; and the same shall constitute a part of the record of the cause."

The court cannot judicially know what the terms and conditions of an instrument are. The parties have a right to make their own contracts except where there are legal restrictions or prohibitions. By section 687, Code of 1906 (Hemingway's Code, section 465), the above-quoted section is made applicable to all courts, unless provided to the contrary, or where the action is restricted by its nature, so as to dispense with statute. There were insufficient allegations in the bill to disclose the nature, terms, and conditions of the insurance policy, and it appears from a fair construction of the allegations of the bill that the complainant was unable to set them forth. At all events, it will require an amendment to the bill for the court to know with legal precision what the terms and conditions of the policy are.

The suggestion of error will be overruled.

*Overruled.*