## HOME INS. CO. *v.* NEWMAN.*

(Division B.   Feb. 28, 1927.)

[111 So. 455.   No. 26301.]

INSURANCE. *Attaching a copy of insurance policy sued on to declaration, or showing its loss or destruction, is necessary; in action on insurance policy, filing copy of certificate showing existence of policy is not sufficient compliance with requirement of attaching copy thereof to declaration* (*Hemingway's Code, sections 465, 517*).

Under section 734, Code of 1906 (section 517, Hemingway's Code), in all actions founded upon writing, there shall be annexed to or filed with the declaration a copy of such writing; under this section it is necessary to attach a copy of an insurance policy sued on, or show its loss or destruction, and it is not sufficient to file a copy of a certificate showing the existence of the policy except to show that it is furnished as a mere memorandum and given as a memorandum of information only, and confers no rights on the holders.

*Corpus Juris-Cyc. References: Insurance, 33CJ, p. 84, n. 30, 31, 33; Pleading, 31Cyc, p. 556, n. 68; p. 558, n. 73, 74, 86.

APPEAL from chancery court of Bolivar county.

HON. HARVEY MCGEHEE, Chancellor.

Suit by Mrs. S. Newman against the Home Insurance Company. From a judgment overruling a demurrer to the complaint, defendant appeals. Reversed and remanded, with leave to file an amended bill.

*R. L. McLaurin,* for appellant.

The question presented to this court is the construction of Exhibit A, the document sued on by the complainant and alleged to be a contract of insurance. Exhibit A is not a chose in action, and is not a copy of any contract between the parties. The demurrer raises the point

that these averments of the bill coupled with Exhibit A. are not sufficient to measure up to the requirements of sections 517 and 518, Hemingway's Code. These sections require, where a contract of insurance is sued on, a perfect copy thereof to be annexed to or filed with the pleadings and prohibits the introduction of any evidence in reference thereto unless a copy is so annexed or filed.

Where the recovery sought is based on a written document, the exhibit, and there is a conflict in the averments of the bill of complaint or declaration and the language of the exhibit itself, the exhibit prevails over the pleadings. See Griffith's Miss. Ch. Pr., section 192, page 189, and authorities there cited; *Comstock* v. *North,* 88 Miss. 754.

It cannot be denied that the recovery sought here is based on the exhibit and in such cases the language of the exhibit controls over the language of the bill of complaint. *McKinney* v. *Adams,* 95 Miss. 832, 50 So. 474. The controlling effect of an exhibit has been emphasized by Judge ETHRIDGE in a very recent case. See *Palmetto Fire Ins. Co.* v. *Allen,* 1414 Miss. 690, 105 So. 769. See, also, *Lawson* v. *Dean,* 109 So. 892.

This suit should be dismissed and judgment rendered here for the appellant.

*Cutrer & Smith,* for appellee.

Exhibit A is a paper writing evidencing the contract of insurance. Nowhere in the bill of complaint is it alleged that there is or was any other or further policy or certificate or contract of insurance issued by the defendant to the complainant, which would, or could, be or constitute the policy or contract of insurance other than the one attached.

There can be no other reasonable inference drawn from the allegations of the bill of complaint than that Exhibit A to the bill of complaint is and constitutes the whole and entire contract of insurance between complainant and the

defendant.  By the demurrer the defendant admits this allegation to be the established fact in the case.

However, if, for the sake of argument, we were to disregard this necessary conclusion from the pleadings, yet we submit that the contract of insurance is particularly and specifically set out in the original bill of complaint and the amended bill of complaint.

A contract of insurance need not be written, but if oral, is binding between the parties.  It may be partly oral and partly written, in which event the contract of insurance is equally binding.  *Hartford Fire Ins. Co.* v. *Buck Walter Lbr. Co.* (Miss.), 77 So. 798.  Hemingway's Code, section 5028, defines insurance.

We submit that the only contract of insurance was Exhibit A, and the pleadings so state.  However, even though there was an agreement to insure and the policy itself had not been delivered to the insured prior to loss, nevertheless the complainant would be entitled to recover on its contract of insurance, inasmuch as the minds of the parties had met, and this though the premium had not been paid. *Scottish Union & Nat'l Ins. Co.* v. *Lumber Co.* (Miss.), 80 So. 9; *Franklin Fire Ins. Co.* v. *Taylor et al.*, 52 Miss. 441; *Ala. Life Ins. Co.* v. *Herron*, 56 Miss. 643; *Aetna Ins. Co.* v. *Renno* (Miss.), 50 So. 563.

We submit that sections 517 and 518, Hemingway's Code, require that in actions founded on any writing a copy must be attached to the declaration and on failure to so attach to the declaration or bill of complaint, evidence thereof shall not be given at the trial.  Both of these sections have been complied with by the complainant in this cause by attaching to the bill of complaint copy of the instrument which is the basis of the suit.

A fair construction of Exhibit A is that it was and is intended as a contract of insurance.  Exhibit A will be most strongly construed against the insurer; and where an instrument is susceptible of two constructions, that construction will be adopted which will lend validity to the contract and give efficacy to the provisions thereof.

The supreme court of this state has stated many times that since the contract of insurance is usually prepared by the insurer, it is to be construed most strongly in favor of the assured. The written part of the insurance policy prevails over the printed part where there is an irrecognizable conflict between the two. *Boyd* v. *Ins. Co.,* 75 Miss. 47; *Shivers* v. *Farmers Mut. Fire Ins. Co.* (Miss.), 55 So. 965; *Liverpool, London & Globe Ins. Co.* v. *Van Os & Shuster,* 63 Miss. 431.

This cause should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The appellee was complainant in the court below, and the appellant was defendant there. The complainant filed a bill in the chancery court of Bolivar county, alleging that on or before the 21st day of August, 1924, she was the owner of a stock of merchandise situated in a building located in the town of Gunnison, Miss.; and that on the 21st day of August, 1924, the defendant contracted with the complainant to insure the said stock of merchandise against all direct loss and damage by fire to the extent of the amount of three thousand dollars in consideration of ninety-two dollars and ten cents, premium for said insurance, which payment was alleged to have been made to the defendant by the complainant. A copy of the alleged contract was attached to the bill of complaint as Exhibit A.

It was also alleged that on the 6th day of January, 1925, the said stock of goods was destroyed by fire while situated in the house described in the certificate of insurance, and that the stock of goods at the time of the said fire exceeded the sum of six thousand dollars; and the complainant brought suit and demanded judgment for the amount of three thousand dollars.

The certificate made Exhibit A to the bill, in so far as deemed material to this decision, reads as follows:

"Exhibit A.

"Policy No. 1425.

"Certificate of Insurance.

"The Home Insurance Company of New York.

"Amount $3,000.    Rate 3.07.    Premium $92.10.

"This is to certify that the Home Insurance Company, in consideration of ninety-two 10/100 dollars premium has issued to Mrs. S. Newman, and legal representatives, the above-described policy, to the extent of the actual cash value (ascertained with proper deductions for depreciation) of the property at the time of loss or damage, but not exceeding the amount which it would cost to repair or replace the same with material of like kind and quality within a reasonable time after such loss or damage, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating the construction or repair and without compensation for loss resulting from interruption of business or manufacture, for the term of one year from the 21st day of August, 1924, at noon to the 21st day of August, 1925, at noon, against all direct loss and damage by fire and by removal from premises endangered by fire, except as herein provided, to an amount not exceeding three thousand dollars to the following described property while located and contained as described, or *pro rata* for five days at each proper place to which any of the property shall necessarily be removed for preservation from fire, but not elsewhere, to-wit."

The certificate had attached to it a printed clause, usually attached to policies, showing the terms and conditions of the contract, and then had the following provision:

"This is furnished simply as a memorandum of said policy as it stands at the date of issue hereof, and is given as a matter of information only, and confers no rights on the holders. Said original policy is subject to indorsement, alteration, transfer, assignment, and cancellation, without notice to the holder of this certificate."

This bill was demurred to on the following grounds:

"First. There is no equity on the face of the bill.

"Second. No cause of action is stated in the amended bill of complaint, either in law or in equity.

"Third. The certificate of insurance sued on, Exhibit A, shows on its face that it is not a contract or promise to pay any indemnity to complainant under any circumstances.

"Fourth. The certificate of insurance sued on, Exhibit A, shows on its face that it was never intended 'to evidence the said insurance,' and thereby evidences no right of action in favor of complainant against this defendant.

"Fifth. A copy of the alleged contract of indemnity has not been filed with the amended bill of complaint as an exhibit thereto, as would be required by statute if sued on.

"Sixth. Even if there was originally such contract of indemnity, as is referred to in Exhibit A, the amended bill of complaint and exhibit does not show that it was in force at the time of the fire which is said to have destroyed the subject of insurance."

The demurrer was overruled, and an appeal granted to settle the principles of the case.

Section 734, Code 1906 (section 517, Hemingway's Code), provides that in all actions founded upon writing "there shall be annexed to or filed with the declaration in every case founded . . . on any writing, a copy of such writing, with the names of subscribing witnesses, if any, shall be annexed to or filed with the declaration." In *Palmetto Fire Ins. Co.* v. *Allen,* 141 Miss. 690, 105 So. 482, 769, it was held that the above section was applicable by virtue of section 687, Code of 1906 (section 465, Hemingway's Code), to a bill in chancery. By the express terms of the exhibit to the bill, above set out, it provided that this certificate is furnished simply as a memorandum of said policy as it stands at the date of issue, and is given as a matter of information only,

and confers no rights on the holders. Said original policy is subject to indorsement, alteration, transfer, assignment, and cancellation, without notice to the holder of this certificate. The bill does not allege that there was no policy actually issued, nor that, if issued, it was lost or destroyed; but merely states that Exhibit A contained substantially the terms of the contract. If, as a matter of fact, no policy had been issued, and if the bill had been drawn to show that the exhibit contained the terms of the real agreement, a different case would be before us. The statute requiring a copy of the writing sued upon to be filed as a part of a declaration is for a good purpose, and it enables a defendant on inspection of the pleading to determine whether the contract is a true and correct copy of the contract made, and, if so, to set up any defense arising out of its terms that may be available. The defendant is entitled to be confronted, in the pleading, with the entire contract, and not merely its substance and effect. It is not always necessary for a contract to be in writing, but the certificate made an exhibit shows that a contract was issued and that the certificate was merely a memorandum of information, and not the contract itself. We think the court was in error in not sustaining the demurrer upon the allegation of the bill before us.

It is well settled that, when a bill is filed to enforce a contract made an exhibit to the bill, the terms of the contract control over the allegations to the bill. We cannot ignore the concluding clause of the exhibit, which expressly provides that it confers no rights on the holders, but that it is a mere memorandum showing how the policy stood on the date the certificate was given. The policy might be outstanding in the hands of some other person, or various other dispositions might have been made of the policy. The memorandum, of course, would give the complainant the information necessary to file his pleading. In the case of *Palmetto Fire Insurance Company* v. *Allen,* 141 Miss. 690, 105 So. 482, 769, it is

shown the value of having such a certificate or memorandum of information in a case where the policy is lost or destroyed, or where a contract of insurance is agreed upon but not actually written out or delivered to the in-. sured.

The judgment of the lower court will therefore be reversed, and the cause remanded, with leave to file an amended bill within thirty days after mandate reaches the court below.

Reversed and remanded, with leave to file an amended bill within thirty days after mandate reaches court below.

*Reversed and remanded.*