MOTORS INSURANCE CORPORATION, et al. *v.* HOLLAND

No. 40254          November 12, 1956          90 So. 2d 392

*Alfred Moore,* Hattiesburg, for appellant.

*Ben Stevens,* Hattiesburg; *L. Barrett Jones,* Jackson; *Jesse M. Byrd,* Leakesville, for appellee.

ARRINGTON, J.

The appellee, J. E. Holland, Jr., filed suit for damages for the value of an automobile alleged to have been totally wrecked, and for the loss of its use, in the Circuit Court of Greene County against the appellant, Motors Insurance Corporation of New York, and Garretson Motor Company. A non-suit was taken as to Garretson Motor Company and the appellant failing to appear or file answer to the action, a default judgment in the amount of $175.00 was rendered against it, from which judgment this appeal is prosecuted.

The appellant's assignments of error are: (1) That the declaration failed to state a cause of action, and (2) that the process was defective and insufficient to support a judgment by default.

A copy of the policy sued on was not attached to the declaration as an exhibit thereto as required by Section 1469 of the Mississippi Code of 1942, and the declaration did not allege its loss or destruction but merely that the policy was delivered to Garretson Motor Company and appellee was not furnished with a copy thereof.

Attached to the declaration as Exhibit A thereto was a copy of a conditional sales contract from Garretson Motor Company to the appellee. Item 4 of the said sales contract shows that appellee was charged for insurance covering accidental physical damage to the car, including collision insurance, $50 deductible, and provided that "the insurance settlement shall be based on actual value of the property at the time of loss, not to exceed limits of

liability set forth in the policy, and shall be payable to purchaser, seller or seller's assignee, as interests may appear.''

The declaration did not contain a statement of the outstanding debt to Garretson, did not charge that the policy covered loss of use; there was no specific charge that the policy was actually in force at the time of the accident and the declaration contained no allegations as to what notice the policy required, or any of the terms and provisions of the policy.

In the case of Home Insurance Co. v. Newman, 147 Miss. 237, 111 So. 455, the Court held that under Section 734, Code of 1906 (Sec. 517, Hemingway's Code) (Sec. 1469, Mississippi Code of 1942), it was not sufficient to file a copy of a certificate given as a memorandum of information showing the existence of a policy and that it was necessary to attach a copy of an insurance policy sued on, or show its loss or destruction, saying:

''The statute requiring a copy of the writing sued upon to be filed as a part of the declaration is for a good purpose, and it enables a defendant on inspection of the pleading to determine whether the contract is a true and correct copy of the contract made, and, if so, to set up any defense arising out of its terms that may be available. The defendant is entitled to be confronted, in the pleading, with the entire contract, and not merely its substance and effect.''

In the case of Palmetto Fire Insurance Company, et al. v. Allen, 141 Miss. 690, 105 So. 769, the Court said: ''The court cannot judicially know what the terms and condition of an instrument are. . . . . . There were insufficient allegations in the bill to disclose the nature, terms, and conditions of the insurance policy, and it appears from a fair construction of the allegations of the bill that the complaint was unable to set them forth. At all events, it will require an amendment to the bill for the court to

know with legal precision what the terms and conditions of the policy are.''

■■ ■ We are of the opinion that the declaration in this case fails to state a cause of action and will not sustain a judgment by default. Stevens, et al v. Barbour, et al., 193 Miss. 109, 8 So. 2d 242; Penn Mutual Life Insurance Company v. Keeton, 95 Miss. 708, 49 So. 736; Odom v. Gulf & S. I. R. Co. , 101 Miss. 642, 57 So. 626.

■■■ The record in this case shows that process was issued by the clerk of the Circuit Court of Greene County directed to the Sheriff of Hinds County, and served as stated in the sheriff's return:

''Executed personally on the Motors Insurance Corporation by delivering two copies of the within writ to Walter Dell Davis, Insurance Commissioner, This 4th day of May, 1955.''

Section 5672, Code of 1942, provides that no foreign Insurance Company shall be admitted and authorized to do business in this State until: ''Third. It shall, by a duly executed instrument filed in his office, constitute and appoint the commissioner of insurance, and his successor, its true and lawful attorney, upon whom all process in any action or legal proceeeding against it which may be served upon its said attorney shall be of the same force and validity as if served on the company, and the authority thereof shall continue in force irrevocable so long as any liability of the company remains outstanding in this state. The service of such process shall be made by leaving a copy of the same in the hands or office of the said commissioner. Copies of such instrument certified by the said commissioner shall be deemed sufficient evidence thereof, and service upon such attorney shall be deemed sufficient service upon the principal.''

The record does not show that a certified copy of any instrument was filed in this case and made a part of the record. In the case of Globe-Rutgers Fire Insurance Co. v. Sayle, 107 Miss. 169, 65 So. 125, the Court said:

"In the absence of a certified copy of the instrument constituting and appointing the commissioner of insurance its 'true and lawful attoreny,' there is no way by which the court could judicially know that the commissioner was authorized to acknowledge service. The declaration does not allege that the defendant had executed the statutory power of attorney, and there was no legal evidence before the court that such, in fact, was the case. To sustain a judgment by default it must affirmatively appear that the defendant was served with process. . . . . . . . Before a default judgment may be rendered the record must show the service of process on defendant, or upon its attorney in fact. There is no service on the defendant appearing in the record, and there is nothing in the record to establish that defendant had executed the power of attorney prescribed by the statute. . ."

This case has been consistently followed by this Court. Superior Oil Company v. Smith, 200 Miss. 782, 29 So. 2d 114, and authorities there cited. In view of the above the judgment is reversed and the cause remanded.

Reversed and remanded.

*Roberds, P. J.,* and *Lee, Holmes* and *Ethridge,* JJ. concur.