MARQUETTE CASUALTY Co., et al. *v.* KHAMIS

No. 41836          May 1, 1961          129 So. 2d 342

*Tate Thigpen,* Picayune; *Watkins & Eager,* Jackson, for appellants.

*Grayson B. Keaton,* Picayune ; *Morse & Morse,* Poplar-ville, for appellee.

148

McGEHEE, C. J.

There are numerous assignments of error on this appeal but it is unnecessary that we deal with all of them since the cause must necessarily be reversed and remanded for a new trial.

During the year 1954, the appellee Mohamad Khamis purchased from Philip Newman what is known as the Old Ford Hotel, a three-story structure at Picayune, Pearl River County, Mississippi, at and for the purchase price of $40,000, the sum of $10,000 of which was paid in cash, and the remainder was to be thereafter paid in monthly installments of $250 each.

On February 8, 1956, it is alleged in each of the separate suits against the eight appellant insurance companies that the said building was insured against the perils of windstorm in the sum of $5,000 by each of the said appellant insurance companies, and that on that date the building was greatly damaged by a windstorm. Some time during the year 1957 a group of suits were filed in the Circuit Court of Pearl River County against the several appellant insurance companies to recover the damage allegedly sustained on account of the said windstorm. These suits were removed upon motion of the insurance companies to the U. S. District Court for the Southern Division of Mississippi at Biloxi, Mississippi, and thereafter in August 1957, the suits were again filed

in the Circuit Court of Pearl River County on the identical causes of action by the appellee Mohamad Khamis against each of the appellant insurance companies. Whereupon, the appellant insurance companies filed their separate motions on September 27, 1957, in the Circuit Court of Pearl River County, to dismiss the second group of eight cases on the ground that the former suits had been removed to the Federal Court and were then pending and undisposed of. On October 29, 1957, the appellant insurance companies obtained a certificate from the Clerk of the Federal Court at Biloxi, Mississippi, stating that the suits theretofore removed to the Federal Court were then still pending and undisposed of, but when the suits involved on the present appeal to this Court were tried in the Circuit Court of Pearl River County, Mississippi, in May 1960, the said certificate of the Clerk of the Federal Court at Biloxi of the then pendency of the cases in the Federal Court was more than two and one-half years old and was not applicable to the then status of the cases in the Circuit Court of Pearl River County in which the judgment in the instant case was rendered. No other proof was offered by the appellant insurance companies as to the fact of whether or not the cases removed to the Federal Court in 1957 were still pending and undisposed of; hence there was no error committed by the Circuit Court of Pearl River County in overruling the motion to dismiss the second group of cases filed in that court.

But it is further assigned as error on this appeal that the trial court ''erred in permitting incompetent testimony for the appellee purporting to show the damages sustained * * *''.

Neither the insurance policies sued on or copies thereof were annexed to or filed with the declaration in either of the eight cases which were consolidated and tried together in the Circuit Court of Pearl River County, where-

in the appellee was the plaintiff and the appellants were the defendants, respectively.

Section 1469, Code of 1942, Recompiled, provides as follows: "There shall be annexed to or filed with the declaration in every case founded on an open account, a copy of the account or bill of particulars of the demand; and in actions founded on any writing, a copy of such writing, with the names of subscribing witnesses, if any, shall be annexed to or filed with the declaration; and evidence thereof shall not be given on the trial unless so annexed or filed; and the same shall constitute a part of the record of the cause."

There was a Memorandum of Insurance attached to each declaration which reads in part as follows: "THIS IS NOT A POLICY OF INSURANCE. This Memorandum of Insurance is furnished as a matter of information only; it confers no rights upon the holder hereof, and imposes no liability upon the Company. The Policy referred to herein may be endorsed, altered, transferred, assigned, cancelled and otherwise changed according to its terms."

Upon redirect examination of the appellee by his counsel, he was asked "Have you got your insurance policies?, and answered "Yes." His attorney then stated, "If the court please, we desire to introduce in evidence the memoranda of insurance furnished by the Tate Thigpen Insurance Agency to Mr. Mohamad Khamis on his building at Picayune, the subject of the suit herein." Thereupon, the attorney for the appellants made the following objection: "We object for the reason the documents referred to state on their face they are not the policies of insurance but simply a memoranda of the coverage and, further, they do not contain the terms and provisions which the original policies contain." To which the attorney for the appellee replied "They are what they furnished us. Then we move the court to require the insurance company to furnish us the complete coverage

of what they cover." Thereupon, one of the defendant's counsel stated "The originals were furnished to him and went to his mortgagee." (Presumably to Philip Newman from whom the appellee purchased the building.) "BY THE COURT: There being a mortgage on the property the original policies would have to go to the parties, or concern, holding the mortgage and the plaintiff would be given memorandums of the policies and he doesn't have them. I am going to permit the memorandums as furnished by the agent to be introduced and let them be marked." Thereupon, the Memorandums of Insurance policies issued by each of the eight defendant insurance companies were introduced in evidence, but at no time were either the policies or copies thereof made an exhibit to the declarations, and neither were the policies nor copies introduced or offered in evidence. In his pleadings the appellee had requested that the insurance companies attach a copy of the policy to their answers to the declarations. However, no order to that effect was obtained from the court.

In the case of Home Insurance Company v. Newman, 147 Miss. 237, 111 So. 455, it was held that: "By the express terms of the exhibit to the bill, above set out, it provided that this certificate is furnished simply as a memorandum of said policy as it stands at the date of issue, and is given as a matter of information only, and confers no rights on the holders. Said original policy is subject to indorsement, alteration, transfer, assignment, and cancellation, without notice to the holder of this certificate. The bill does not allege that there was no policy actually issued, nor that, if issued, it was lost or destroyed; but merely states that Exhibit A contained substantially the terms of the contract. If, as a matter of fact, no policy had been issued, and if the bill had been drawn to show that the exhibit contained the terms of the real agreement, a different case would be before us. The statute requiring a copy of the writing sued upon

to be filed as a part of the declaration is for a good purpose, and it enables a defendant on inspection of the pleading to determine whether the contract is a true and correct copy of the contract made, and, if so, to set up any defense arising out of its terms that may be available. The defendant is entitled to be confronted, in the pleading, with the entire contract, and not merely its substance and effect. It is not always necessary for a contract to be in writing, but the certificate made an exhibit shows that a contract was issued and that the certificate was merely a memorandum of information, and not the contract itself. We think the court was in error in not sustaining the demurrer upon the allegation of the bill before us.''

In the instant case there is no allegation that there were no policies actually issued, nor that, if issued, they were lost or destroyed. Moreover, the record discloses that the policies in the instant case, according to the ruling of the trial court, were in the hands of the mortgagee, and although the mortgagee was a party to the suit, the record fails to show that he was asked to produce the policies of insurance in order that copies could be taken and made exhibits to the declarations, and in order that the policies could be introduced and made a part of the evidence in the case.

On November 12, 1956, in the case of Motors Insurance Corporation, et al. v. J. E. Holland, Jr., 229 Miss. 262, 90 So. 2d 392, this Court, in its opinion, reviewed the holding in the cases of Palmetto Fire Insurance Company v. Allen, 141 Miss. 681, 690, 105 So. 482, and Home Insurance Company v. Newman, supra.

From the foregoing views, it follows that no testimony was competent upon the trial of these consolidated cases to prove either the fact of the existence of the policies, the terms and provisions, or the extent of any damage or loss claimed to have been sustained thereunder, since the statute, Section 1469, Code of 1942,

as construed by the decisions of this Court above-mentioned, precludes any evidence in actions founded on any writing unless the same, or copy thereof, is annexed to or filed with the declaration.

It is our view that upon a retrial of this case, the proof should disclose with more reasonable certainty the extent of the damage sustained to the property as a result of any alleged peril of windstorm on the occasion complained of than is shown by the record now before us.

We deem it unnecessary to discuss any of the other alleged errors assigned.

Reversed and remanded.

*Kyle, Gillespie, McElroy* and *Jones, JJ.,* concur.