JAMES WHIT v. STATE OF MISSISSIPPI.

CRIMINAL LAW. *Supreme court practice. Record not aided by evidence aluindo.*

The supreme court, on appeal in a criminal case, in passing upon the action of the trial court in denying a continuance, is confined to the record and cannot consider a certified copy of a subpœna issued for a witness nor an affidavit averring that he was present in court during the trial of the case, such papers not having been of record in the court below at the time of the trial.

FROM the circuit court of Tate county.

HON. J. B. BOOTHE, Judge.

Whit, the appellant, was indicted, tried, and convicted of murder, and appealed to the supreme court. He was erroneously denied a continuance by the court below. The facts upon which the decision turned are stated in the opinion of the court.

*W. J. East, S. W. Jones,* and *G. W. Lindsey,* for appellant.

*William Williams,* attorney-general, and *J. W. Lauderdale,* for appellee.

Argued orally by *W. J. East,* for appellant, and by *William Williams,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

The second application for a continuance should have been granted on the showing made by this record. The attorney-general, realizing this, has had filed here a certified copy of the

original subpœna for Wat Lucket, showing that the subpœna was issued and executed May 4th, and an affidavit of the sheriff to the effect that the witness was present in court during the whole trial. But these papers were obtained after the adjournment of the court, and are not a part of this record, and cannot be looked to by us. If the original subpœna was on file when this application was made, and the witness was in attendance, it would have been easy to show these facts in answer to the application; but no such showing was made, so far as the record discloses. The twenty-sixth section of article three of the constitution, and the decisions thereunder, make reversal imperative.

*Reversed and remanded.*