GLOBE RUTGERS FIRE INSURANCE CO. *v.* JOHN SAYLE.

[65 South. 125.]

1. INSURANCE. *Service of process on foreign corporation. Proof of appointment of attorney in fact. Evidence. Code 1906, section 2606. Appointment of agent. Judgment. Default. Sufficiency of record recitals.*

    Under Code 1906, section 2606, so providing, the appointment of the commissioner of insurance as attorney in fact for a foreign insurance company for the service of process, can be proved only by a certified copy of such appointment.

2. EVIDENCE. *Judicial notice. Appointment of agent.*

    In the absence of a certified copy of the instrument constituting and appointing the commissioner of insurance its "true and lawful attorney," there is no way by which the court could judicially know that the commissioner was authorized to acknowledge service for an insurance company.

3. SAME.

    To sustain a judgment by default, it must affirmatively appear that the defendant was served with process.

4. JUDGMENT. *Judgment by default. Recitals.*

    Recitals in a judgment by default that the court found that the defendant had been duly served, will not support the judgment, when the record shows that the service was insufficient.

APPEAL from the circuit court of Tallahatchie county. HON. N. A. TAYLOR, Judge.

Suit by John Sayle against the Globe Rutgers Fire Insurance Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Hirsh, Dent & Landau,* for appellant.

First, there was no service on appellant in court below. The summons issued by the deputy circuit clerk is bad, if not void, for the want of the seal of the court. *John Pharis* v. *Uriah Conner,* 3 S. & M. 87.

No service was had on this irregular or void summons on the appellant in the court below, and, therefore, the judgment entered is irregular and void. A judgment, entered by default against a party who has not been served with process and who has not appeared in the action, is irregular and void. 32 Cyc. 737; *Duncan* v. *Gerdine,* 59 Miss. 550; *Prentiss* v. *Mellen,* 1 S. & M. 521.

The summons was directed to the sheriff of Tallahatchie county. It was never received by him and no returns were ever made on it by him. The Code of 1906, section 3932, provides: In suits against insurance companies, the process may be served on any agent of the defendant, or sent to any county in which the office or principal place of business may be located, and there served as herein directed and authorized; or may be served on any one of the foregoing officers of such corporation or company and upon the secretary, cashier, treasurer, clerk, depot agent, attorney or any other officer or agent of such receiver or receivers, or upon them in person. When any writ or process against such corporation, company, receiver or receivers has been returned executed, the defendant or defendants shall be considered in court, and the action shall proceed as actions against natural persons; and all process and notices to be served upon such companies, corporations, or receivers, may be served as herein directed. There was no service on the defendant under this sction. No return by the sheriff that defendant, or its agent, could be found in Tallahatchie county. There is indeed, nothing in this record to show that summons was ever delivered to the sheriff of Tallahatchie county.

Section 2606 of the Code of 1906 provides: No foreign insurance, indemnity or guaranty company shall be admitted and authorized to do business in this state until it shall, by a duly executed instrument, filed in his office, constitute and appoint the commissioner of insurance, and his legal successor, its true and lawful at-

torney, upon whom all process in any action or legal
proceeding against it, which may be served upon its said
attorney shall be of the same force and validity as if
served on the company, and the authority thereof shall
continue in force irrevocable so long as any liability of
the company remains outstanding in this state. The
service of such process shall be made by leaving a copy
of the same in the hands or office of the said commis-
sioner. Copies of such instrument certified by the said
commissioner shall be deemed sufficient evidence there-
of, as service upon the principal.

There is nothing in this record to show that the ap-
pellee had complied with any of the provisions of this
section, or that it had appointed the commissioner of
insurance of the state of Mississippi, its agent or true
and lawful attorney. The certificate or summons, which
purports to be a certificate from the insurance commis-
sioner, does not show that the T. M. Henry, whom it ap-
pears, made this certificate, is the commissioner of in-
surance of the state of Mississippi.

Section 2555, Code of 1906, provides: The seal of this
department (department of insurance) shall have
around the margin thereof the words "commissioner of
insurance, Mississippi," with the image of an eagle in
the center and thirteen stars over the head of the eagle.
Every certificate and other official paper, executed by
the commissioner under authority of law and sealed
with the said seal of this office, shall be received as evi-
dence in all courts, investigations and proceedings au-
thorized by law, and may be recorded in the same man-
ner and with like effect as a deed; and all copies of
paper in the office of the said commissioner certified by
him and authenticated by said seal shall be accepted in
all matters equally and in like manner as the original.

It will, therefore, be seen that the certificate of T. M.
Henry, insurance commissioner, is not sufficient under
the above section. There is no seal of the commissioner

of insurance of Mississippi on the certificate of the summons.

We have been unable to find where there is such an officer as "insurance commissioner." The law provides for the creation of the department of insurance, and provides also, for the office of commissioner of insurance, and it provides how his acts may be authenticated under seal, and it provides. what the seal shall contain. There was no compliance with this provision as shown by the summons in this record.

Section 2569 of the Code of 1906 provides: When legal process is served upon the commissioner as attorney for a foreign company or order, under the provisions of section 2606, he shall forthwith notify the company or order of such service by letter prepaid and directed to its secretary, or to its resident manager, if any, in the United States, and shall, within two days after such service, forward, in the same manner, a copy of the process served on him to said secretary or manager, or to such persons as may have been previously designated by the company, or order, by written notice filed in the office of the commissioner, as a condition of a valid and effectual service, and of the duty of the commissioner in the premises, the plaintiff in such process shall pay to the commissioner, at the time of service thereof, the sum of two dollars, which the said plaintiff shall recover as taxable cost if he prevails in his suit.

There is nothing in this record to show a compliance with this statute, in order to make it a valid and effectual service. There is nothing to show how summons was served on him or that he notified the company of such service by letter prepaid, directed or addressed to its secretary or to its resident manager, or to such person as may have been previously designated by the company or order, by written notice filed in the office of the commissioner of insurance. There is nothing to show that, as a condition of valid and effectual service, the ap-

pellee paid the commissioner, at the time of the service, the sum of two dollars, as required by the foregoing section.

The certificate of the clerk shows that he sent, by registered mail, to the Globe Rutgers Fire Insurance Company of New York, a true copy of this summons. There is nothing to show, when, where, or to what officer of the company, if any, he sent it. There is nothing to show that summons was ever received by appellant and if it had been received by appellant, this would not have been a compliance with the law with reference to the service of summons of this kind. There is no statutory provision requiring or authorizing the clerk to mail a summons of this kind, and his acts in the premises are void.

A statutory provision requiring the mailing of notice of the suit to the home office of the corporation is not jurisdictional. Where there has been no personal service, such mailing is insufficient to confer jurisdiction, unless consent to such a method of service is made a condition to the doing of business within the state by the corporation. 39 Cyc. 569.

Process of this kind must be executed according to the rules prescribed by the statute and the return of the officer must show the manner in which he executed the process. *Crizer* v. *Gordon,* 41 Miss. 562; *Ezelle* v. *Simpson,* 42 Miss. 516; *Milan* v. *Strickly,* 46 Miss. 724; *Tucker* v. *Byars,* 46 Miss. 551. The official return must, of itself, show clearly that legal and proper service was made, otherwise the judgment is void. *Express Co.* v. *Hunt,* 54 Miss. 664; *Rawkins* v. *Delaney,* 43 Miss. 197; *Hargus* v. *Bowen,* 46 Miss. 72; *Dogan* v. *Barnes,* 76 Miss. 568.

By whom was this summons served on T. M. Henry, "insurance commissioner"? T. M. Henry was insurance commissioner of what? Was T. M. Henry the attorney, in fact, for the defendant company and, if so, what au-

thority did he have? Was summons served on him in accordance with the provisions of section 3932, Code of 1906, or was it served on him in accordance with the provisions of section 2606, Code of 1906, and did he comply with the provisions of section 2555, Code of 1906? These questions cannot be answered from this record, and, therefore, the judgment by default, on the entries on the summons is irregular and void. The return must show affirmatively the facts constituting a valid service. So the return must show that service was upon an officer or agent designated by statute. A return of process upon the agent appointed by a foreign corporation to accept service of process must show that the person served is such agent. The officer should confine himself to a settlement of what he actually does in serving the process and should not state conclusions of law and fact apart from what was done. 32 Cyc. 569.

The fact that there is a recital in the judgment, that the defendant had been duly and legally served with summons and for the length of time required by law, for this cause to be heard and tried, does not make the service legal and effective. This court has passed upon this question in the case of *Watkins Machine and Foundry Company* v. *Cincinnati Rubber Mfg. Co.,* 96 Miss. 611.

*Woods & Kuykendall,* for appellee.

For all that this record shows, the defendant may, through one of its general offices, or by counsel, without plea, have appeared in open court and made the written tender, which amounts to a general appearance. The only mode of appearance in a cause pending is not by a written plea. *Byrne, Vance and Company* v. *Jefferies,* 38 Miss. 540.

Service of process in this case is acknowledged by T. M. Henry, insurance commissioner, and under *Davis* v. *Jordan,* 5 Howard 255, and *Bacon, et. ux.,* v. *Bevan and*

*Company,* 44 Miss. 293, this would not have been good without proof of the acknowledgment. So in the absence of a bill of exceptions, this court will presume that the proof of acknowledgment was made. The adjudication of service and the judgment recital as to service involves a mixed question of law and fact and is, therefore, not subject to review by this court in the absence of a bill of exceptions. The evidence and the sufficiency thereof as to the defendant having been served with process, was a matter which the circuit court had power to determine; and, in the absence of evidence showing to the contrary, upon well settled principles, its judgment upon the question must be presumed to be right. *Mark* v. *Horn,* 38 Miss. 102-103; *Cason* v. *Cason,* 31 Miss. 578; *Cannon* v. *Cooper,* 38 Miss. 784. The evidence upon which the court made its adjudication as to service is not necessarily a part of the record, nor required to be shown by it. 38 Miss. 789.

As to the acknowledgment of service by T. M. Henry, insurance commissioner, and the introduction of evidence thereon being proper, we call the attention of the court to the cases of *Davis* v. *Jordan,* 5 Howard 295, and *Harvey* v. *Bostic,* 1 Howard 106. And that the insurance company recognized said service and acted on it, note the judgment recital of appearance by the defendant and the written tender. This court said in *Safforans* v. *Terry,* 12 S. & M. at page 695: Whether publication had or had not been made was a question of fact to be ascertained by evidence; and as the circuit court is a court of general jurisdiction, it is to be presumed from this recital that it had all the evidence before it to enable it to pronounce judgment.

Section 2606, Code of 1906, paragraph 3, in reference to foreign insurance companies says it shall, by a duly executed instrument filed in his office (Insurance Commissioner's), constitute and appoint the Commissioner of Insurance, and his successor, its true and lawful at-

torney, upon whom all process in any action or legal
proceeding against it may be served, and therein shall
agree, that any process against it, which may be served
upon its said attorney, shall be of the same force and
validity as if served on the company. The service of
such process shall be made by leaving a copy of the
same in the hands or office of the said commissioner.
Under this section, service on commissioner has the same
force and validity as if served on the company, and that
being true, we ask if any one would contend that said
service would have been invalid if the certificate, which
is indorsed on the original summons, had been indorsed
therein by the company itself, and not T. M. Henry?
The summons may be served by leaving a copy of the
same in the office or hands of the commissioner, and
the commissioner acknowledged that the summons was
served on him as attorney in fact for the company,
and as there is no bill of exception showing what was
the truth on this point, we must presume that the serv-
ice was made. At any rate there is nothing in the
record which contradicts it and no evidence to the con-
trary is brought to this court by bill of exceptions. In-
surance commissioner is the agent of the appellant and
not the agent of appellee and the appellee is not charg-
able with any delinquencies on the part of the commis-
sioner if any there be. However, the commissioner
states that he mailed a coppy of the summons to his
master, the company at its home office. As the greater
always includes the lesser, we say that when he mailed
a copy of the summons to the company, the secretary of
the company was necessarily included. But, however
that may be, section 2569, Code of 1906, says that fail-
ure of the commissioner to notify the company shall not
effect the validity of such service.

There is nothing in the record affirmatively disproving
the judgment recital that, The Globe Rutgers Fire
Insurance Company has been duly and legally served

with summons in this cause in the manner and for the time required by law for this cause to be heard and tried at this time.

Any action on the part of the defendant, except to object to the jurisdiction, which recognizes the case as in court will amount to a general appearance. 3 Cyc., page 504, sec. 5. The question of tender was a mixed question of law and fact and the adjudication of that fact will not be disturbed in the absence of a bill of exceptions showing what transpired on the trial of the cause. The adjudication will be presumed to be correct. Can we indulge in speculation as to what was in the written tender, or as to the evidence before the circuit court as to power or authority of Leblanc and Bailey, Ltd., to act for the insurance company? Most assuredly not, because we do not know, and cannot know, what was before the lower court touching these matters. There is an utter absence of a bill of exceptions and the judgment recital touching these matters must be presumed to be correct. We submit that if the tender had been incorporated into the record it would be no more a part of the record than is the certificate of the clerk which has been copied into the record, pretending to certify about a tender. The certificate of the clerk has absolutely no business in this record and the same will not be noticed by this court. *Martin* v. *Harvey,* 54 Miss. 685. The recital is that the defendant made a written tender. The fact that a tender was made by Lablanc and Bailey, Ltd., on behalf of the insurance company does not, in the remotest degree, show a contradiction or a falsification of the solemn judgment recital that the defendant had come into the circuit court and made a written tender. It is but an unwarranted supposition, or assumption of counsel for appellant, to claim that the judgment recital on the question of tender has reference to the tender made by Leblanc and Bailey, Ltd. Whatever is mere evidence in the court below, though it be a rec-

ord, is no part of the record of that trial, unless made so by a bill of exceptions. And hence, papers or other evidence, heard and read on the trial of the cause in the circuit court are no part of the record of the proceedings in that court, and will not be noticed in the supreme court. And this is so, though such papers or evidence be copied into the transcript as a part of the record, by the clerk. To constitute them a part of the record they must be incorporated in a bill of exceptions. The certificate of the clerk is utterly out of place in this record. 30 Miss. 129. What is or is not a part of the record, is a matter to be judicially determined by this court in the exercise of its appellate jurisdiction. *Portwood, et al.* v. *Zeld and Silverberg et al.,* 72 Miss. 542.

If we stood alone in the tender of Leblanc and Bailey, Ltd., which we do not, what would be the attitude of the case? In the absence from the record of the written tender, and in the absence of a contrary record showing on the one side and the judgment recital on the other, would it be violent presumption to say that Leblanc and Bailey, Ltd., were the duly and legally authorized agents of the insurance company? Messrs. Hirsch, Dent and Landau, we assume, are authorized, in fact we know they are authorized, to prosecute this appeal on behalf of the appellant, but should occasion arise, we would not be surprised to have the Globe and Rutgers Fire Insurance Company demand proof of that fact. For ways that are dark and tricks that are vain, beware of the heathen Chinee, for his ways are peculiar.

COOK, J., delivered the opinion of the court.

Appellee filed suit against appellant upon an insurance policy issued by it, covering an automobile, averring that the automobile had been damaged by fire, and asking judgment against appellant for the amount of the damages. The defendant failing to appear and plead to the declaration a judgment by default was rendered,

and a jury of inquiry impaneled to assess the damages. Upon the verdict of the jury therefore a judgment for five-hundred twenty-two dollars and fifty cents was entered. From that judgment this appeal is prosecuted.

When the declaration was filed a summons was issued, which, with the indorsements thereon, is as follows: "Circuit Court Summons. The State of Mississippi, To the Sheriff of Tallahatchie County, Greeting: We command you to summon Globe Rutgers Fire Insurance Co., Inc., if to be found in your county, personally to appear before the judge of the circuit court of said county, at a term thereof, to be begun and holden for the county aforesaid, at the courthouse thereof, in the town of Charleston on the first Monday of December, A. D. 1912, then and there to answer the complaint against it in said court by John Sayle. Herein fail not, and have then and there this writ, with your return indorsed thereon, showing how you have executed the same. Witness my hand as clerk, with the seal of said court hereunto affixed, this, the 5th day of July, A. D., 1912. (Signed) J. P. Dogan, Clerk, by H. H. Wimble, D. C. (Seal.)"

The following indorsements are made on the back of the summons:

"I, J. P. Dogan, clerk, do hereby certify that I mailed a true copy of this writ to the Globe Rutger Fire Ins. Co., New York, and that I received a receipt for same on the 15th day of July 1912. J. P. Dogan, Clerk, by H. H. Wimble, D. C. (Seal)."

"Served on me as attorney in fact for within named company, and copy of summons sent by me to home office of said company this July 26, 1912. T. M. Henry, Ins. Com., by McNair. (Seal.)"

The main controversy here is upon the validity of the return upon the summons. Was the defendant served with process in the manner provided by the law, which would authorize the court to enter a judgment by default?

It is the position of appellee that the acknowledgment of service indorsed on the summons by the commissioner of insurance is sufficient proof that the defendant had complied with the law by appointing the commissioner its attorney in fact according to the provisions of section 2606 of the Code of 1906, and that the acceptance or acknowledgment of service by the commissioner authorized the court to take judicial notice that the commissioner had been appointed attorney in fact of this corporation. The last clause of section 2606 provides how the appointment of the commissioner may be, and we think must be, proven.

In the absence of a certified copy of the instrument constituting and appointing the commissioner of insurance its "true and lawful attorney," there is no way by which the court could judicially know that the commissioner was authorized to acknowledge service. The declaration does not allege that the defendant had executed the statutory power of attorney, and there was no legal evidence before the court that such, in fact, was the case.

To sustain a judgment by default it must affirmatively appear that the defendant was served with process.

It is contended that this appears in the recitals of the judgment itself to the effect that the court found that the defendant had been served with a summons in the manner and for the time required by law. The recital in the judgment would probably be sufficient to uphold the judgment if the record were otherwise silent on the service of summons, but in this case the record discloses just how the service was had, and, this form of service being insufficient to warrant a judgment by default, it thus affirmatively appears that the court had "an erroneous conception of the law." *Watkins Machine Co.* v. *Cincinnati Rubber Co.,* 96 Miss. 611, 52 So. 629. Before a default judgment may be rendered the record must show the service of process on defendant, or upon its attorney in fact. There is no service on the defendant

appearing in the record, and there is nothing in the record to establish that defendant had executed the power of attorney prescribed by the statute. The record also shows the basis for the recitals in the judgment "that said defendant has come into this cause and filed a written tender." The "written tender" appears in the record, and it is subject to the same infirmities as the service of process, and does not support the recital in the judgment.

*Reversed and remanded.*