CONTINENTAL CASUALTY CO. *v*. GILMER.[*]

(Supreme Court of Mississippi, Division A. March 21, 1927.)

[111 So. 741. No. 26358.]

INSURANCE. *Mere showing of service of summons on state insurance commissioner held insufficient to authorize default judgment against foreign insurance company (Hemingway's Code, section 5069, par. 3).*

Mere showing of service of summons on state insurance commissioner, with no other process issued or served or no certified

copy of any instrument executed by foreign insurance company and required to be filed with state insurance commissioner under Code 1906, section 2606, par. 3 (Hemingway's Code, section 5069, par. 3), *held* insufficient to authorize default judgment against such foreign insurance company.

---

*Corpus Juris-Cyc. References: Corporations, 14aCJ, p. 1382, n. 67. Insurance, 33CJ, p. 154, n. 73. Judgments, 34CJ, p. 152, n. 6.

Appeal from circuit court of Leake county.

Hon. Paul Dees, Special Judge.

Suit by Mrs. Rosella Gilmer against the Continental Casualty Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Watkins, Watkins & Eager,* for appellant.

I. The court was without jurisdiction to render the judgment appealed from, the record nowhere disclosing that T. M. Henry, Insurance Commissioner for the state of Mississippi, had been appointed agent and attorney for the appellant for the reception of process. Hemingway's Code, section 5069.

It will be noted that this was a foreign corporation. The manner provided by law for bringing into court and conferring jurisdiction upon the person of the defendant was statutory. 32 Cyc. 466; *Globe & Rutgers Fire Ins. Co.* v. *Sayle,* 65 So. 125, 107 Miss. 169; *Anderson Mercantile Co.* v. *Cudahy Packing Co.,* 90 So. 11, 127 Miss. 301.

The following authorities sustain the view that where a method of service of process or a method of obtaining jurisdiction over the jurisdiction of a person or a corporation is provided by statute, there must be a strict compliance therewith. *Moore* v. *Summerville,* 80 Miss. 323; *Ford* v. *Coleman,* 41 Miss. 651; *Robinson* v. *Miller,* 57 Miss. 253; *Ponder* v. *Martin,* 119 Miss. 156, 80 So. 388; *Belt* v. *Adams,* 86 So. 584, 124 Miss. 194; Same case, 87 So. 666, 125 Miss. 387.

This court has frequently announced that although a judgment is void for want of jurisdiction, an appeal may be prosecuted therefrom and a reversal will be entered. *Boutwell* v. *Grayson,* 118 Miss. 80, 79 So. 61. There will be no presumption of jurisdiction. The rule is otherwise, however, in a collateral attack upon a judgment, in such cases the court will entertain a presumption of jurisdiction. *Cotton* v. *Harlan,* 87 So. 152, 124 Miss. 691; *Federal Reserve Bank* v. *Wall,* 103 So. 5, 138 Miss. 204.

II. Process in this case was void. It was not directed to the appellant, but was directed to its attorney. Section 2920, Hemingway's Code; 32 Cyc., page 546; *Mut. Life Ins. Co.* v. *Uecker* (Tex.), 101 S. W. 672; *Knoll* v. *Leverett* (La.), 66 So. 959; 21 R. C. L., page 1262. See also *McDonald* v. *Mabee,* 243 U. S. 90; *In Re Johnson,* 167 U. S. 120, 42 L. Ed. 103; *Scott* v. *McNeal,* 154 U. S. Sup. Ct. Rep. 34, 38 U. S. 896; *Turner* v. *Sawyer,* 150 U. S. 578, 37 U. S. Sup. Ct. Rep. 1189; and other cases referred to in 21 R. C. L., page 1262, note 11.

*H. L. Bayless, Jr.,* and *C. E. Johnson,* for appellee.

I. Counsel for appellant contend that defendant had no notice, the process was void, and that to deprive their client of the amount of the judgment by this procedure would be without process of law. We contend that the defendant had such notice under the law as to cause it either to appear and defend the suit or suffer the judgment. *Globe & Rutgers Fire Ins. Co.* v. *Sayle,* 65 So. 125, 107 Miss. 169.

II. As to there being no notice received by the Continental Casualty Company in this case, see *Fidelity & Casualty Co. of N. Y.* v. *Cross,* 127 Miss. 31, 89 So. 780; *Great Southern Life Ins. Co.* v. *Gomillion,* 110 So. 770.

The state has power to determine by what process legal rights may be asserted or legal obligations enforced, pro-

vided the method of procedure adopted for these purposes gives reasonable notice, and affords fair opportunity to be heard before the issues are decided. *Iowa, etc., R. R. Co.* v. *Iowa,* 160 U. S. 389, 40 L. Ed. 467; *Rogers* v. *Peck,* 199 U. S. 425, 50 L. Ed. 256.  There is abundant authority holding that where reasonable notice is given and opportunity to be heard afforded, due process has not been violated.

We think that in the present case, as shown by the record, reasonable notice was given, and opportunity had to appear and contest the suit of Mrs. Gilmer.  In addition to the foregoing authorities, see: *Galveston, etc., R. R. Co.* v. *Sheperd,* 21 Tex. 274; *Grant* v. *Clinton Cotton Mills,* 56 S. C. 554, 35 S. E. 193; *Fuller* v. *Plainfield Academic School,* 6 Conn. 532.

COOK, J., delivered the opinion of the court.

The appellee, Mrs. Rosella Gilmer, instituted this suit against the appellant in the circuit·court of Leake county, and from a judgment by default in her favor, this appeal was prosecuted.

The declaration alleged that the appellee was a resident of Leake county, Miss., and that the appellant was a corporation chartered under the laws of the state of Indiana, having its general offices in Chicago, Ill.; that on the 28th day of October, 1924, the appellant company issued and delivered to her husband, Billie B. Gilmer, a policy of insurance providing indemnity for loss of life, and other injuries and losses that he might suffer, in which policy contract the appellee was beneficiary; that by the terms of said policy contract the appellant company agreed to indemnify the beneficiary against certain accidents, among others, such as might result in his death, to the extent of the sum of five hundred dollars; that on or about the 5th day of June, 1925, her husband received a violent blow on the head, which resulted in his death on the following day.; that the policy was

then in full force and effect, all premiums having been paid; that after the death of the assured she made due and proper proofs thereof, as provided by the terms of the policy, and that the defendant company had failed and refused to pay the sum due under the terms of the policy. A copy of the policy, which recited that it was countersigned and issued at the office of the company at Jackson, Miss., by J. E. Austin, general agent, was made an exhibit to the declaration, but there was no averment in the declaration that the appellant company had ever been licensed to do business in the state of Mississippi, or that it had received any permit or authority from the state insurance commissioner in respect thereto, or that it was engaged in business in the state of Mississippi; and there was no averment that the appellant had an agent in the state of Mississippi upon whom service of process could be had, or that it had appointed the insurance commissioner of the state of Mississippi its agent for the purpose of receiving process.

On the 6th day of October, 1926, process was issued by the clerk of the circuit court of Leake county, addressed to the sheriff of Hinds county, Miss., commanding that he summon T. M. Henry, attorney for the Continental Casualty Company, personally to appear before the circuit court of Leake county, Miss., on the second Monday of November, 1926, to answer the suit. On this summons the sheriff of Hinds county made the following return:

"I have this day executed the within writ personally or the within named defendant Continental Casualty Company, by delivering a true copy of said writ to T. M. Henry, insurance commissioner for the state of Mississippi and attorney for process for the said nonresident defendant, this the 8th day of Oct. 1926.

"W. S. WELLS, Sheriff,
"By W. A. SANDEL, D. S."

This was the only process issued or served, and no certified copy of any instrument executed by the appel-

lant and required to be filed with the state insurance commissioner by the third paragraph of section 2606, Code of 1906, section 5059, Hemingway's Code, was filed or made any part of this record. On the 15th day of November, 1926, a judgment by default was rendered against the appellant in which it was recited that—

"This cause came on for hearing on motion of the plaintiff for judgment by default and the court having heard said motion and it appearing unto the court that the defendant, Continental Casualty Company, had been duly and legally summoned by a service personally upon T. M. Henry, insurance commissioner for the state of Mississippi, for full thirty days and more before the 1st day of this November, 1926, term and that said T. M. Henry was the duly appointed and constituted attorney in fact of the defendant, an insurance company, made so in conformity with section 2606 of the Code of Mississippi 1906, the said attorney in fact having had delivered to him personally a true copy of the writ of summons in this cause."

Thereafter this appeal was prosecuted, and the appellant contends that the court below was without jurisdiction to render this default judgment for the reason that the record nowhere discloses that T. M. Henry, insurance commissioner for the state of Mississippi, had been appointed agent and attorney for the appellant for the reception of process.

Section 2606, Code of 1906, section 5069, Hemingway's Code, which provides for the admission of foreign insurance companies to do business in this state, in its third paragraph provides as follows:

"Third. It shall, by a duly executed instrument filed in his office, constitute and appoint the commissioner of insurance, and his successors, its true and lawful attorney, upon whom all process in any action or legal proceeding against it may be served, and therein shall agree that any process against it which may be served upon its said attorney shall be of the same force and validity

as if served on the company, and the authority there of shall continue in force irrevocable so long as any liability of the company remains outstanding in this state. The service of such process shall be made by leaving a copy of the same in the hands or office of the said commissioner. Copies of such instrument certified by the said commissioner shall be deemed sufficient evidence thereof, and service upon such attorney shall be deemed sufficient service upon the principal.''

We think the position of the appellant that the record does not show a sufficient service of process for the appellant to authorize a default judgment against it is sustained in all respects by the case of *Globe Rutgers Fire Insurance Co.* v. *Sayle,* 107 Miss. 169, 65 So. 125. In that case process was served on the insurance commissioner, who indorsed upon the original process the following language:

''Served on me as attorney in fact for within named company, and copy of summons sent by me to home office of said company. This July 26, 1912, T. M. Henry, Ins. Com'r.''

And upon that service of process a default judgment was rendered, and in reversing the case, the court used the following language:

''It is the position of appellee that the acknowledgment of service indorsed on the summons by the commissioner of insurance is sufficient proof that the defendant had complied with the law by appointing the commissioner its attorney in fact according to the provisions of section 2606 of the Code of 1906, and that the acceptance or acknowledgment of service by the commissioner authorized the court to take judicial notice that the commissioner had been appointed attorney in fact of this corporation. The last clause of section 2606 provides how the appointment of the commissioner may be, and we think must be, proven.

''In the absence of a certified copy of the instrument constituting and appointing the commissioner of insur-

ance its 'true and lawful attorney,' there is no way by which the court could judicially know that the commissioner was authorized to acknowledge service. The declaration does not allege that the defendant had executed the statutory power of attorney, and there was no legal evidence before the court that such, in fact, was the case.

"To sustain a judgment by default it must affirmatively appear that the defendant was served with process.

"It is contended that this appears in the recitals of the judgment itself to the effect that the court found that the defendant had been served with a summons in the manner and for the time required by law. The recital in the judgment would probably be sufficient to uphold the judgment if the record were otherwise silent on the service of summons, but in this case the record discloses just how the service was had, and this form of service being insufficient to warrant a judgment by default, it thus affirmatively appears that the court had 'an erroneous conception of the law.' *Watkins Machine Co.* v. *Cincinnati Rubber Co.,* 96 Miss. 611, 52 So. 629. Before a default judgment may be rendered the record must show the service of process on defendant, or upon its attorney in fact. There is no service on the defendant appearing in the record, and there is nothing in the record to establish that defendant had executed the power of attorney prescribed by the statute."

The rule announced in the *Sayle case, supra,* was approved and reaffirmed in the case of *National Surety Co.* v. *Board of Supervisors,* 120 Miss. 706, 83 So. 8.

The judgment of the court below will therefore be reversed, and the cause remanded.

*Reversed and remanded.*