## EX PARTE LATHAM.

(In Banc. Sept. 21, 1931.)

[136 So. 625. No. 29421.]

Jeff Truly, of Fayette, **J. H. Currie**, of Meridian, **W. S. Welch**, of Laurel, **L. A. Smith, Sr.**, of Holly Springs, **W. C. Sweat**, of Corinth, and **Louis M. Jiggitts**, of Jackson, Special Grievance Committee, Mississippi State Bar Association.

**L. C. Hallam**, of Jackson, for respondent.

**PER CURIAM.**

On the 27th day of February, 1931, there was filed in this court, by a special committee of the State Bar Association, an information against the respondent Latham, wherein the said respondent, a licensed attorney of this court, was charged with specific acts of gross misbehavior, upon which charges the said association suggested the disbarment of said respondent. It is not stated in said information so filed or in any affidavit or other paper made a part of this record whether the said respondent Latham is a resident of this state or whether now a nonresident, and if the latter be the case what is his present residence and post office and street address; and there is no return of citation, nor anything else of record in that respect except a recital on the clerk's docket as follows: "Citation issued 2/21/31," and a return registry receipt mailed from Aurora, Illinois, and purporting to have been signed by said respondent, not personally but by an agent. Whether this registry receipt was for the citation and copy of the information mailed to respondent by the clerk, the record fails to show, and owing to the grievous misfortune to the state in the death of the clerk who personally handled this matter, the record cannot now be officially supplied or

amended. It is to state an obvious requirement of our practice that the fact of the service of notice or citation must be officially shown of record, without which the court cannot proceed to judgment.

No answer has been made by respondent, nor has he in any manner appeared in response to said information. The committee has moved the court to enter an order of disbarment as by default or confession. Even if the record showed sufficient to disclose a compliance with fundamental requirements as to due process, which, as we have stated, the record does not show, the committee cites no authority to support the proposition that an unsworn information for disbarment can be taken pro confesso. On the contrary, the only authorities that we have been able to find are to the effect that the charges must be proved, notwithstanding the respondent's default of an answer. 3 Stand. Ency. Prac. 870; In re Burnette, 70 Kan. 229, 78 Pac. 440; In re Walkey, 26 Colo. 161, 56 Pac. 576; People v. Mead, 29 Colo, 344, 68 Pac. 241.

For both of the reasons aforesaid the motion to enter judgment by default is overruled, and the proceeding is remanded to the docket with directions that, upon proper affidavit as to nonresidence and street address, if the respondent be a nonresident, process be served and returned as provided by sections 2972 and 2973, Code 1930, or in the alternative as allowed by section 2974 of said code, the said process to be made returnable to a day of this term to be fixed by the clerk; and that upon completion of said process and the service and return thereof, such further proceedings shall be taken as the law requires.

It is further ordered that the committee shall proceed promptly in this matter. So ordered.