UNIVERSAL LIFE INS. CO. *v.* CATCHINGS.

(Division B. Feb. 19, 1934.)

[152 So. 817. No. 31056.]

Howie & Howie, of Jackson, for appellant.

28

W. S. Henley, of Hazlehurst, for appellee.

Argued orally by **W. B. Fontaine,** for appellant, and by **W. S. Henley,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

The question involved is the validity of a default judgment in favor of appellee against appellant, as garnishee on a judgment in favor of appellee against Woodmen Union Life Insurance Company, in the sum of two thousand eighty-four dollars. From that judgment appellant prosecutes this appeal.

On July 29, 1932, appellee obtained a judgment in the circuit court of Copiah county against Woodmen Union Life Insurance Company in the sum of two thousand eighty-four dollars. The judgment remaining unsatisfied, on June 24, 1933, appellee filed in the cause a suggestion of garnishment against appellant. The suggestion recited the recovery of the judgment by appellee against the Woodmen Union Life Insurance Company,

the date of the judgment, and stated that appellant was indebted to the judgment debtor, or had in its possession assets belonging to the judgment debtor, and prayed the issuance of a writ of garnishment against appellant as provided by law. On the same day the suggestion was filed the clerk of the circuit court of the county issued and put into the hands of the sheriff of Hinds county a writ of garnishment. The writ recited substantially the contents of the suggestion for garnishment, followed with a command to the sheriff to summon appellant to appear at the next term of the circuit court of Copiah county and answer on oath in writing whether it was indebted to the judgment debtor at the time of the service of the writ of garnishment, or at any time since; if so, what sum; whether due or not, and when due, or to become due; and how the indebtedness was evidenced; what interest it bore; what effects of the judgment debtor it had in its possession at the time of the service of the writ or since its service, or under its control; whether it knew or believed that any other person was so indebted to the judgment debtor, and, if so, whom and in what amount, and where such person resided, and whether it knew or believed that any other person had effects of the judgment debtor in his possession or under his control, and, if so, whom and where he resided.

The sheriff of Hinds county made the following return on the writ: ''I have this day executed the within writ personally on the within named defendant, Universal Life Insurance Company, by delivering a true copy of said writ to Geo. D. Riley, Insurance Commissioner for the state of Mississippi, and attorney for process for the said nonresident defendant, this the 24th day of June, 1933.''

At the return term of the writ of garnishment there was filed in the cause a copy of the appointment by appellant of the insurance commissioner of this state as its

agent for the service of process, and also a copy of a resolution of appellant's board of directors authorizing such appointment, both certified to by George D. Riley, insurance commissioner of this state, as being true copies of such appointment and resolution as shown by the records of his office. Appellant's appointment of the insurance commissioner as its agent for the service of process recites, among other things, that "this authority shall continue in force and irrevocable so long as any liability of the said company remains outstanding in the said state of Mississippi, whether incurred before or since the making and execution of this instrument." The resolution of appellant's board of directors contained the following stipulation: "Resolved, that this company, desiring to transact business in the state of Mississippi, in conformity with the laws thereof, does hereby authorize its President and Secretary, under the corporate seal of the Company to make, constitute and appoint the Insurance Commissioner of the state of Mississippi, and his successor in office, its true and lawful attorney in and for said state of Mississippi, upon whom all processes of law against said corporation in any action or legal proceeding may be served, subject to and in accordance with all the provisions of the statutes and laws of said state of Mississippi now in force, and such other acts as may be hereafter passed amendatory thereof and supplementary thereto; and for said Company to agree that any and all lawful processes against it which may be served upon said Insurance Commissioner, and his successor, shall be deemed valid personal service upon said Company and shall be of the same force and validity as if served upon said Company, and that this authority shall continue in force and irrevocable so long as any liability of the said Company remains outstanding in the state of Mississippi, whether incurred before or since the making and execution of this instrument."

Appellant having failed to answer the writ of garnishment, judgment by default was rendered against it for the amount of appellee's judgment against the Woodmen Union Life Insurance Company, with costs. The default judgment sets out a history of the garnishment proceedings substantially as shown above. Touching the service of the writ of garnishment on appellant it contains the following finding of facts:

"And it further appearing unto the court that said writ of garnishment was personally served on the Universal Life Insurance Company on the 24th day of June, 1933, by personal process on George D. Riley, Insurance Commissioner for the state of Mississippi, and attorney for process for the said Universal Life Insurance Company.

"It further appearing unto the court that said Universal Life Insurance Company has heretofore, to-wit, on the 22d day of January, 1926, duly appointed the Insurance Commissioner of the state of Mississippi and his successor in office its true and lawful attorney-in-fact in and for the said state of Mississippi, upon whom all processes of law against said corporation might be served.

"And it appearing unto the court that said George D. Riley is at this time Insurance Commissioner of the state of Mississippi, and was Insurance Commissioner of the state of Mississippi at the time the said writ of garnishment was served, and the true and lawful attorney for service of process upon the said Universal Life Insurance Company of the City of Memphis, Tennessee, and proof of said appointment having been duly made and a certified copy of said appointment of attorney for service of process having been filed in this cause and introduced in evidence; the court does therefore hereby find and adjudicate that the said George D. Riley was the true and lawful attorney for process on the Universal Life

Insurance Company, garnishee, on the 24th day of June, 1933, and that said writ of garnishment having been served personally that the answer of garnishee was required to be made on the 4th Monday of July, 1933, in this court.''

Appellant contends that the court was without jurisdiction to render the judgment by default, because it was neither pleaded nor proven that appellant was authorized to do business in this state or was doing business in this state at the time the garnishment writ was served; and if appellant was authorized and was doing business in the state, there was no legal proof of the service of the writ on the insurance commissioner. Appellant also contends that under the law it was not subject to the process of garnishment, and if subject thereto, the garnishment proceeding was void because the statute authorizing such a proceeding was not complied with.

Under the chapter on garnishment, chapter 33 (section 1838 et seq.), Code of 1930, no pleadings are required, except those laid down in the statute. There is nothing in the statute requiring the judgment creditor to allege in his suggesion that the garnishee is authorized to do business and is doing business in this state. However, it was necessary for appellee to prove those facts, and that was done. The insurance commissioner's certified copy from his records of appellant's appointment of the insurance commissioner as its agent for the service of process was sufficient proof of that fact. Appellant's contention to the contrary is based on Globe Rutgers Fire Ins. Co. v. Sayle, 107 Miss. 169, 65 So. 125; National Surety Co. v. Board of Supervisors of Holmes County, 120 Miss. 706, 83 So. 8; and Continental Casualty Co. v. Gilmer, 146 Miss. 22, 111 So. 741. The very proof that was absent in those cases was supplied in this—the certified copy of the insurance commissioner's appointment. No other proof of the fact that appellant was authorized

to do, and was doing, business in the state when served with the writ was necessary.

The third paragraph of section 5165, Code of 1930, provides that the insurance commissioner's authority as agent for service of process "shall continue in force irrevocable so long as any liability of the company remains outstanding in this state." The purpose of the statute was to domesticate foreign insurance companies in this state, so far as suits against them were concerned, in that respect that they should stand exactly as if they were domestic insurance companies. The word "liability" in the statute is not confined to contracts alone, but to any liability cognizable in the courts. As long as there is any outstanding liability, the insurance commissioner's authority cannot be revoked, and until revoked he is the agent of the company for the service of process.

Appellant's contention that the garnishment statute was not complied with is without any merit. Authorities are cited that the statute must be strictly pursued. Appellant's argument is that this was not done because the suggestion of garnishment contained only two grounds instead of the statutory four grounds. As shown, appellee suggested that appellant was either indebted to the Woodmen Union Life Insurance Company or had in its possession assets of that company.

Section 1838, Code of 1930, is in this language: "On the suggestion in writing by the plaintiff in a judgment or decree in any court upon which an execution may be issued, that any person is indebted to the defendant therein, or has property of the defendant in his hands, or knows of some other person who is so indebted, or who has effects or property of the defendant in his hands, it shall be the duty of the clerk of such court, or of a justice of the peace in a case before him, to issue a writ of garnishment, directed to the sheriff or proper officer, com-

manding him to summon such person as garnishee to appear at the term of the court to which the writ of garnishment may be returnable, to answer accordingly.''

It will be noted that the grounds of garnishment set out in the statute are in the disjunctive and not in the conjunctive. Section 1840, Code of 1930, provides the form for the writ of garnishment. It contains, in brackets, this language: ''Here copy in full every particular that a garnishee is required to answer.'' Section 1843 provides in what particulars the garnishee shall answer the writ. It lays down four divisions for the answer and they are not in the disjunctive. Appellant stresses that fact. All of the provisions of the statute are to be construed together in order to make a reasonable scheme, unless, of course, such a construction would read out of the statute some one or more of its substantial provisions. So construing the statute, we are of opinion that a judgment creditor has the right if the facts justify it, to suggest any one or more of the four grounds for garnishment. If appellant is right in its contention that it would render the proceeding void if all four are not suggested, regardless of whether there was any foundation in fact for that to be done, is an unreasonable construction of the statute. Such a construction would destroy its efficiency to some extent. To illustrate: A judgment creditor knows of some one indebted to the judgment debtor, and he knows or has good reason to believe there is no other ground for garnishment; if he should suggest that ground alone instead of going further and doing the fruitless thing of suggesting all the other grounds, the proceeding would be void. We cannot give our assent to that view of the statute.

Affirmed.