DEER ISLAND FISH & OYSTER CO. *v.* FIRST NAT. BANK OF BILOXI.

(Division A.  March 4, 1935.)

[159 So. 656.  No. 30279.]

For prior opinion, see 166 Miss. 162, 146 So. 116.

Ford, White & Morse, of Gulfport, for clerk and court reporter.

R. W. Boydstun, of Louisville, for the motion to retax costs.

Smith, C. J., delivered the opinion of the court.

The court costs on the appeal herein were taxed by the clerk of this court, paid to him by the appellee, which was charged therewith, and paid by the clerk of this court to the clerk of the court below. A motion has now been made setting forth that the costs so paid were excessive, and requesting a retaxation thereof.

Among the several objections made to the motion is, first, R. W. Boydstun, the attorney by whom the motion was filed, is engaged in representing to litigants, against whom costs have been awarded in cases heretofore decided by this court, that the costs taxed against them and paid are excessive, and offering to obtain a retaxation thereof for a compensation; and that authority to file the motion herein was so obtained; second, the certificate filed with the motion setting forth that the costs are excessive, in accordance with rule 21A of this court, was not made by a "disinterested person."

The first of these objections presents a very grave charge against the attorney, as will appear from Ex Parte Latham, 161 Miss. 243, 136 So. 625. Whether the charge, if true, would present a matter for action here is not before us, for the proof fails to sustain the charge, the evidence in support thereof being only the ex parte affidavit of the clerk of the court below.

Rule 21A of this court is as follows: "When a complaint is made, in a motion to retax the costs incurred in this court, that a fee allowed based on the number of words of the instrument, or transcript thereof, or the transcript of the record as an entirety, is incorrect, the

motion shall be accompanied by a written statement of the true number of such words, with a certificate of its correctness by a competent disinterested person; without which no such complaint will be considered."

The certificate setting forth that the costs allowed and paid are excessive was made by Mrs. W. B. Hooks, who is the mother-in-law of the attorney by whom this motion was filed. Under his contract with the appellee, the compensation of this attorney for filing the motion is to be one-half of the amount collected thereby. The attorney, therefore, is an interested party here, and his kinship by affinity to Mrs. Hooks is too near for us to hold that she is a disinterested person within the meaning of rule 21A. Since the rule provides that unless a certificate is made by a "disinterested person," the motion to retax the costs will not be considered, this motion must and will be dismissed.