SUPERIOR OIL Co. *v.* SMITH.

(In Banc.   Feb. 10, 1947.)

[29 So. (2d) 114.   No. 36321.]

Wells, Wells, Newman & Thomas, William N. Ethridge, Jr., and Murray Christian, all of Jackson, and W. B. Wagner, of Houston, Tex., for appellant.

**E. F. Coleman,** of Purvis, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

Appellee sued appellant in the Circuit Court of Lamar County for damages growing out of personal injuries allegedly sustained by him in the employ of the appellant, and claimed to have been proximately caused by appellant's negligence. It is not necessary to set out the facts alleged in the declaration for the purpose of decision here, as we have concluded the trial court was without jurisdiction to render judgment on the merits of the case.

The defendant below, appellant here, is a nonresident of the State of Mississippi. According to the allegations of the declaration, "the defendant, Superior Oil Company, is a Corporation organized and existing under the laws of the State of California, and that its home office and post office address is 930 Edison, Los Angeles 13, California, but that the said corporation defendant has qualified to do business in the State of Mississippi, and has a designated agent upon whom the process of this Court may be served."

Process was issued, and served as stated in the sheriff's return: "Executed personally on the Superior Oil Co., a corp., by delivering a true copy of the within writ to J. H. Thompson, res. agt., for process." The declaration does not allege that Mr. Thompson had been appointed resident agent, nor was it accompanied by a certified copy of his appointment. A true copy of this process was forwarded by registered mail, properly addressed, postage prepaid, to the home office of the appellant, and proper

entry was made on the docket of the circuit court, according to the certificate of the clerk thereof. Return receipt duly executed by appellant was in due course returned to the clerk and filed. There was no showing in the record of the trial court that appellant, a nonresident corporation, had appointed J. H. Thompson as its agent for the service of process in Mississippi. In other words, there was no proof of such appointment on file in the trial court at the time the case was tried. This omission appellee has sought to remedy by filing here a certified copy of such appointment of Mr. Thompson, originally, certificates of the correctness thereof executed by the circuit clerk and the Secretary of State of Mississippi being attached thereto. Appellant here assigns as error that the trial court, in the absence of such evidence of the appointment of Mr. Thompson for the service of process in Mississippi, proceeded with trial, and that it had no jurisdiction to do so. Appellant charges that the record "does not show that appellant was served with process in the manner required by law, it is well established that the record must contain evidence and proof independent of allegation in the declaration and recitations in the judgment, that the person served with process as alleged agent for defendant was actually the appointed agent for that purpose, and that the court will not take judicial notice of that status even where it is a fact."

In addition, appellant has here filed a motion to strike the above certified copy of Mr. Thompson's appointment from the record of this Court. This document is denominated "supplemental record" because none of said matters set forth therein were "offered in evidence on the trial of this case in the Circuit Court of Lamar County, Mississippi, and were not in anywise made a part of the record of said case for review on this appeal." As such movant, appellant urges that the "supplemental record" shows on its face it was not in anywise a part of the record in the trial of this case in the circuit court, when judgment was rendered for appellee at the July 1946 term

thereof, since it manifestly "was filed here originally, and on the date of December 11, 1946." The record of the proceedings in the circuit court does not contain any such certified copy of the appointment of Mr. Thompson, which is as follows:

"Certified Copy of
Resolution Designating Mississippi Agent

"This is to Certify, That at a meeting of the Board of Directors of the Superior Oil Company, a California Corporation, properly convened and held on the 8th day of January, 1940, the following Resolution was duly adopted:

"Resolved, that J. H. Thompson, 118 North Congress Street, of Jackson, Mississippi, be and it hereby is designated and appointed the resident agent of this Corporation in the State of Mississippi upon whom service of process against this Corporation may be had in the event of any suit against this Corporation in said State, but for no other purpose."

"Witness my signature, and the Seal of said Company, at Houston, Texas this the 10th day of January A. D., 1940.                                    W. B. Wagner
                                              Secretary

(Corporate Seal)
Impress
Seal Here

"Acceptance by Agent

"The undersigned hereby accepts the above designation and appointment as resident agent for service of process.

"Dated at Jackson, Miss., this the 15th day of January, 1940.                              "J. H. Thompson
Fee Paid: $5.00 Receipt No. 1736—B
Filed: January 15, 1940.
The Superior Oil Company
Los Angeles, California
File: C—956."

At the trial of this case, appellant did not appear or defend the action, and default judgment was rendered

against it on the jury's verdict. The judgment, among other things, recited the following: "The Superior Oil Company being thrice solemnly called, answered not, but wholly made default, whereupon the plaintiff moved the court for a judgment by default and for a writ of inquiry to have the jury to assess his damages; and the court having heard the said motion and the evidence in support of same finds that the defendant was legally and lawfully served with the process of this court for more than 30 days prior to the return day hereof, . . . and the court finds that the said motion should be, and the same is hereby sustained and the writ of inquiry issued." A verdict, as stated, was returned for appellee. From this verdict, on petition of the appellant filed in the circuit court, an appeal was granted here. Appellant assigns this action of the court in proceeding to trial and granting the default judgment aforesaid as error, contending, as stated, no lawful process had been served upon it sufficient to support a default judgment.

Section 5346, Code 1942, governs the method of service of process under the circumstances of this case. In Masonite Corporation v. Burnham, 164 Miss. 840, 146 So. 292, 293, 91 A. L. R. 752, this Court said: "We have examined the records in the office of the secretary of state; there we found that W. H. Mason, the vice president of appellant company, is its statutory agent for the service of process; still this court cannot take judicial notice of that fact. Globe Rutgers Fire Ins. Co. v. Sayle, 107 Miss. 169, 65 So. 125; National Surety Co. v. Board of Supervisors of Holmes County, 120 Miss. 706, 83 So. 8. The fact of the appointment of such an agent must be proven. On another trial we assume that this will be done. If and when that is done there can be no further question as to the jurisdiction of the circuit court for the Ellisville district." In Ex parte Latham, 161 Miss. 243, 136 So. 625, we said that: "It is to state an obvious requirement of our practice that the fact of the service of notice of citation must be officially shown of record, without which the court can-

not proceed to judgment." See also Brotherhood of Railway Trainmen v. Agnew, 170 Miss. 604, 155 So. 205; and Universal Life Insurance Co. v. Catchings, 169 Miss. 26, 152 So. 817, where it was held to be the duty of the trial court to require to be produced affirmative evidence that would show that the process has been lawfully served upon a duly appointed agent of the defendant. In the case of Globe Rutgers Fire Ins. Co. v. Sayle, supra [107 Miss. 169, 65 So. 156], this Court said: "It is contended that this (lawful service of process on the defendant) appears in the recitals of the judgment itself to the effect that the court found that the defendant had been served with a summons in the manner and for the time required by law. The recital in the judgment would probably be sufficient to uphold the judgment if the record were otherwise silent on the service of summons, but in this case the record discloses just how the service was had, and, this form of service being insufficient to warrant a judgment by default, it thus affirmatively appears that the court had 'an erroneous conception of the law.' Watkins Machine [& Foundry] Co. v. Cincinnati Rubber [Mfg.] Co., 96 Miss. 610, 611, 52 So. 629. Before a default judgment may be rendered the record must show the service of process on defendant, or upon its attorney in fact." See also Universal Life Insurance Co. v. Catchings, supra.

It will be noted that appellants did not raise this point in the lower court, as it did not appear there for trial, but appealed directly from the default judgment there rendered to this Court, having filed a petition in the trial court, after such judgment, praying the appeal here, which was there granted.

The appellee predicates his answer to the argument of appellant squarely on the introduction of the so-called "supplemental record" here. For instance, he used the word "now" in his brief, referring to the situation in the Supreme Court, as witness "The record now before this Court shows that the defendant, Superior Oil Company, appellant here, was properly summoned to the Circuit

Court of Lamar County, Mississippi, and was required by the terms of the summons to plead in said cause.'' As we gather, appellee says that the recited details of the procedure, supra, is compliance with the statute, although there was no evidence of the appointment of Mr. Thompson as agent for service of process by appellant on file in the court below, since this evidence is ''now'' on file here. He cites no authorities but contents himself with the statement that he thinks it unfair for the appellant at this late date to raise the point of the legal insufficiency of the service of the process. We do not consider this a sufficient answer. Furthermore, appellee is inconsistent, since the certificate of the circuit clerk attached to the ''supplemental record'' discloses that it was filed with the circuit clerk on December 7, 1946, almost five months after adjournment of the trial court at which the default judgment was obtained. The trial court sat in July, 1946. And, it was never filed in the trial of the case below, but appeared here originally on December 11, 1946.

Whit v. State, 85 Miss. 208, 37 So. 809, 810, is pertinent here, as in that case, after the appeal had been taken and the record made up, the attorney general sought to file in this Court a certified copy of a document not in the record of the trial court. Chief Justice Whitfield, writing for the Court, said: ''The second application for a continuance should have been granted on the showing made by this record. The attorney general, realizing this, has had filed here a certified copy of the original subpoena for Wat Luckett, showing that the subpoena was issued and executed May 4th, and an affidavit of the sheriff to the effect that the witness was present in court during the whole trial. But these papers were obtained after the adjournment of the court, and are not a part of this record, and cannot be looked to by us.'' In Hemphill v. Smith, 128 Miss. 586, 91 So. 337, 24 A. L. R. 1456, it was held that a case appealed to the Supreme Court must be tried solely on the record made in the court below.

The appellee attempts no refutation of these authorities, and makes no denial of their pertinency to the issue here before us. We have concluded, therefore, that the motion to strike the "supplemental record" aforesaid should be sustained for the reasons indicated in what we have said ante. When this is done, the record of the case does not contain evidence here of lawful service of such process upon appellant as required by the statute in order to confer jurisdiction upon the trial court, and as it was absent from the record of the trial court, the default judgment must be set aside, and the cause remanded for further proceedings.

It is not necessary for us to discuss a second point raised by appellant, in view of the conclusion we have reached on the first assignment of error, which we sustain. The judgment of the circuit court is reversed and the cause remanded for a new trial.

Reversed and remanded.