ON THE MERITS
In Superior, supra, the court quoted from Masonite Corporation v. Burnham, 164 Miss. 840, 146 So. 292, 293, 91 A.L.R. 752 (1933), “The fact of the appointment of such an agent must be proven,” and from Ex Parte Latham, 161 Miss. 243, 136 So. 625 (1931), “[i]t is to state an obvious requirement of our practice that the fact of the service of notice or citation must be officially shown of record, without which the court cannot proceed to judgment.”
In Superior, supra, 200 Miss, at 792, 29 So.2d at 117, it said:
When this is done, [supplemental record stricken] the record of the case does not contain evidence here of lawful service of such process upon appellant as required by the statute in order to confer jurisdiction upon the trial court, and as it was absent from the record of the trial court, the default judgment must be set aside, *821 and the cause remanded for further proceedings.
In Globe Rutgers Fire Ins. Co. v. Sayle, 107 Miss. 169, 65 So. 125 (1914), the question was whether appellant had appointed the Insurance Commissioner its agent for process. The manner and validity of the service were questioned:
The following indorsements are made on the back of the summons:
“I, J. P. Dogan, clerk, do hereby certify that I mailed a true copy of this writ to the Globe Rutger (sic) Fire Ins. Co., New York, and that I received a receipt for same on the 15th day of July 1912. J. P. Dogan, Clerk, by H. H. Wimble, D. C. [Seal.]”
“Served on me as attorney in fact for within named company, and copy of summons sent by me to home office of said company this July 26,1912. T. M. Henry, Ins. Co., by McNair. [Seal.]”
The main controversy here is upon the validity of the return upon the summons. Was the defendant served with process in the manner provided by the law, which would authorize the court to enter a judgment by default?
(107 Miss. at 179, 65 So. at 126).
******
It is contended that this [affirmative appearance that defendant was served with process] appears in the recitals of the judgment itself to the effect that the court found that the defendant had been served with a summons in the manner and for the time required by law. The recital in the judgment would probably be sufficient to uphold the judgment if the record were otherwise silent on the service of summons, but in this case the record discloses just how the service was had, and, this form of service being insufficient to warrant a judgment by default, it thus affirmatively appears that the court had “an erroneous conception of the law.’’ (citing authorities) (Emphasis added).
(107 Miss. at 180, 65 So. at 126).
Here, but for the content of the now excluded certificate, the summons may not have been delivered or undertaken to be delivered at all to a registered agent of appellant and;
1. C. T. Corporation System may not have been agent since 1976, and
2. The Secretary of State may not have had any record of the corporation.
The judgment by default should be set aside, the proceedings under it nullified, and, the appellant now being in court, the cause is reversed and remanded for further proceedings.
REVERSED, DEFAULT JUDGMENT SET ASIDE, AND THE CAUSE REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.