YAZOO & MISSISSIPPI VALLEY R. R. Co. v. DAMPEER.

[66 South. 814.]

APPEAL AND ERROR. *Bill of exceptions. Stenographer's transcript.*

Under Laws 1910, chapter 111, section 1, providing that, if the official stenographer die, resign, or be unable to transcribe his notes, and furnish a typewritten copy thereof, sixty days' additional time shall be allowed for preparation of the bill of exceptions and, in case a copy of the transcribed notes cannot be furnished, a bill of exceptions must be prepared within the time thereafter specified, as in case where no stenographer takes the evidence, where the official stenographer, on account of illness and press of other work, was unable to transcribe his notes so that a bill of exception might be settled and signed in time, it was appellant's duty to have prepared and presented to the trial judge a bill of exceptions, as though the evidence had not been taken by a stenographer; and where this is not done, it is the duty of the appellate court under Code 1906, section 4921, to sustain a motion to docket and dismiss the case.

APPEAL from the circuit court of Quitman county.

HON. W. A. ALCORN, Judge.

Suit by Carrie Dampeer, against Yazoo & Mississippi Valley Railroad Company. Motion to docket and dismiss and for writ of *certiorari.*

Motion sustained and motion for *certiorari* overruled.

The facts are fully stated in the opinion of the court.

*W. P. Lowrey,* for the motion.

*Mayes & Mayes,* opposed.

SMITH, C. J., delivered the opinion of the court.

Appellee filed a motion to docket and dismiss this cause, whereupon appellant filed a motion for a *certiorari* directing the clerk of the court below to send up the record.

Judgment was rendered on the 11th day of February, 1914. The appeal bond was approved and filed in the court below on the 9th day of March, 1914. Consequently the cause was returnable in this court on the 13th day of April following; that being the day previously fixed by order of this court for the calling of the docket of the district from which this cause comes. Section 4906 of the Code. The record, however, has not yet been filed.

The motions here under consideration were submitted on Saturday following the first Monday in December, the second return day for the district from which this cause comes after the filing of the appeal bond.

It has been made to appear that the reason this record has not been filed is that the stenographer who took down the testimony at the trial has not yet transcribed his shorthand notes on account of illness and press of other work, and therefore no bill of exceptions has yet been filed in the court below, which bill of exceptions seems to be necessary for the purposes of this appeal. We will assume, for the sake of the argument, that the stenographer's transcribed notes may yet be filed in the court below and become a part of the record in this cause; nevertheless it was appellant's duty, under paragraph "d" of section 1 of chapter 111, Laws of 1910, when the stenographer failed to discharge his duty herein, to have prepared and presented to the trial judge "a bill of exceptions in the case as if there had not been a stenographer therein;" and it was not necessary for it to wait on the stenographer in order to perfect the record for the purposes of this appeal. The failure to perfect the record and to obtain its filing in this court is therefore inexcusable.

Consequently, under section 4921 of the Code of 1906, the motion to docket and dismiss is sustained, and the motion for *certiorari* is overruled.

*Motion overruled.*