YAZOO & M. V. R. Co. v. DAMPEER.

[67 South. 150—66 South. 814.]

APPEAL AND ERROR. *Reinstatement of appeal. Sufficiency of showing.* Where an appeal was dismissed for failure to file the stenographer's transcript of his notes, or to present a bill of exceptions to the judge, a motion to reinstate the case after the stenographer had filed the transcript, accompanied by an affidavit of probable error, which shows that appellant's counsel used due diligence in endeavoring to secure a transcript of the notes, which was delayed on account of the sickness of the stenographer, and that there would be only a slight delay, if any, in the hearing, resulting

'from the delay in securing the transcript, and that the faliure
to present the bill of exceptions to the judge was due to the
fact that appellant's counsel overlooked that provision in the
law, will be granted.

APPEAL from the circuit court of Quitman county.
HON. W. A. ALCORN, Judge.

On motion to reinstate appeal after the same had
been dismissed on account of failure of the stenograph-
er to file a transcript of his notes in time.

*Mayes & Mayes,* for the motion.

*P. H. Lowrey,* opposed.

REED, J., delivered the opinion of the court.

This hearing is upon a motion to reinstate. On a
former day we sustained a motion to docket and dis-
miss this case. *See Y. & M. V. R. R. Co.* v. *Dampeer,* 66
So. 814. The grounds for that holding were the fail-
ure to file the stenographer's notes as required by law,
and the failure by appellant, when unable to obtain the
transcribed notes to be filed, to have prepared and pre-
sented to the trial judge a bill of exceptions as if the
evidence had not been taken by a stenographer. Chap-
ter 111, Laws of Mississippi 1910.

We said in our opinion when we sustained the mo-
tion to dismiss that the appeal bond was filed and ap-
proved on March 9, 1914, and the cause was return-
able on April 13, 1914. It appears that the time al-
lowed the stenographer to transcribe his notes had not
expired on April 13th, and therefore the transcript of
the record in the case might have been properly filed by
the clerk of the circuit court at any time up to the
convening of this court on October 12, 1914.

The record is now on file in this court, having reached
the clerk on January 18, 1915. The motion to reinstate
is accompanied by affidavit setting forth probable error
in the proceedings as required by rule 18 (59 So. ix).

We learn from the motion and the carbon copies of
letters from the stenographer annexed that diligent ef-

fort was made by counsel for appellant to obtain the transcribed notes and perfect the appeal, and that the delay was caused by long illness of the stenographer; he having been sick and in a hospital for about two months, suffering repeated surgical operations, during the past summer.

Counsel for appellant state that there will be only a short delay in the final hearing of this case on account of the failure to have the record on file when our court met last fall; that because of the congested condition of our docket, and of the fact that a year or more would necessarily pass before the case would be reached, the delay will be immaterial, and appellee's injury therefrom slight; while, on the other hand, the dismissal of this case will work a great hardship on appellant in not permitting a hearing of its appeal on the merits.

Counsel plead very earnestly for us to reinstate the cause. They take upon themselves all blame for failure to prepare and present to the trial judge a bill of exceptions in the absence of the stenographer's transcribed notes. They plead oversight of this provision of the statute, and show that it is the general custom at the present to make up the record from the stenographer's notes. They state that there has been no intentional delay in this case on the part of appellant or its counsel, and that they are willing for the case to be heard at such early day as the court may fix.

We approve the dismissal of the case and the opinion of the court then delivered. In view however, of the showing made on this hearing, we believe that the case should be reinstated so that appellant can have its cause heard and determined on its merits.

The motion is therefore sustained, the case reinstated and placed on the docket as though filed on the day when the motion was made to docket and dismiss.

*Sustained*