CLEVELAND STATE BANK v. COTTON EXCHANGE BANK.

[79 South. 810, Division B.]

1. APPEAL AND ERROR. *Bond. School fund depository. Necessity of Bonds.*

In an action for mandamus to require payment of a warrant on school funds in its hands, a bank which was a depository of such funds was not entitled to appeal without bond under Code 1906, section 94 (Hemingway's Code, section 76).

2. SAME.

Where the bank in such case appealed to the supreme court without bond, the court had the power to permit it to supply such bond under Code of 1906, section 4913 (Hemingway's Code, section 3189).

APPEAL from the circuit court of Bolivar county.

HON. W. A. ALCORN, JR., Judge.

Petition for mandamus by the Cotton Exchange Bank against the Cleveland State Bank. From a judgment for plaintiff, the defendant appealed without bond. Motion to dismiss appeal overruled.

The facts are fully stated in the opinion of the court.

*A. W. Shands,* for appellant.

*Owen & Roberts,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

Appellee moves to dismiss the appeal in this case because no bond was filed by appellant. The Cleveland State Bank was a county depository, and as such had certain funds in its charge. The superintendent of education issued certain warrants on account of school funds which were in the said depository, and the revenue agent filed a suit enjoining the Cleveland State Bank from paying said warrants on the ground that they were issued without authority of law. No one

was made a party defendant to the suit except the Cleveland State Bank.

The Cotton Exchange Bank acquired certain of these warrants and brought a mandamus in the circuit court to compel payment of the warrant. There was judgment in the mandamus suit against the Cleveland State Bank, and the bank appealed here, but failed to file an appeal bond, on the theory that it, being a depository, was entitled to appeal without bond, under section 94, Code of 1906 (section 76, Hemingway's Code). Motion to dismiss the appeal was presented, on the theory that the depository or bank was not entitled to appeal without bond.

We are of the opinion that the bank was not entitled to appeal without bond, but that under section 4913, Code of 1906 (section 3189, Hemingway's Code), the court has power to permit the appellant to supply the necessary bond, which he may do within ten days, and unless said bond is filed within ten days, conditioned according to law, the suit will stand dismissed. See *Hudson* v. *Gray,* 58 Miss. 589.

Overruled, with leave to file bond in ten days.

*Overruled.*