CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

·MARCH TERM, 1922.

CLARK *v.* MERCHANTS' & MANUFACTURERS' BANK.

[90 South. 844, No. 22454.]

1. APPEAL AND ERROR. *Notice to stenographer to transcribe notes may be given before adjournment of court at which judgment was rendered.*

The notice required to be given the stenographer by chapter 145, Laws of 1920, to transcribe his notes of the evidence may be given before the adjournment of the court at which the judgment or decree appealed from was rendered.

2. APPEAL AND ERROR. *Notice to stenographer to transcribe his notes after case has been orally decided but before decree is valid.*

A notice to transcribe his notes of the evidence given to a stenographer after the case has been orally decided by the chancellor but before the decree has been entered on the minutes of the court is valid.

APPEAL from chancery court of Lauderdale county.

HON. G. C. TANN, Chancellor.

Suit between J. F. Clark and the Merchants' & Manufacturers' Bank. From the decree therein, the latter appeals. On motion to strike transcript. Motion overruled.

206

*Marion W. Reily* and *J. E. Parker,* for appellant.

Appellee's motion to strike the stenographer's transcript is based upon appellee's construction of chapter 145 of the Acts of 1920, in which it is contended that the notice to be given the stenographer within ten days after the adjournment is entitled to these ten days, and notice given during the term of court will not be construed as being within ten days after the adjournment of the court.

The facts constituting the basis for appellee's complaint are as follows: "The above styled cause was called, tried and decided by the chancellor adversely to this appellant, and notice was thereupon served on the stenographer in writing, personally, to make up her transcript. The decree was thereafter drawn up by the attorney's representing the appellee in accordance with the decision previously orally delivered, and signed by the chancellor. And appellee now complains because the appellant did not wait until after court had adjourned to serve the notice on the stenographer to make up her transcript."

This motion calls for the construction to be placed upon chapter 145 of the Acts of 1920, wherein the following language is used: "In all cases in which the evidence is noted by the official stenographer, any person desiring to appeal the case shall notify the stenographer in writing within ten days after the adjournment of court of the fact that a copy of the notes is desired. The notice must be handed to the stenographer personally, or mailed to him at his usual place of abode."

In fixing the meaning of any statute the courts have followed the general rules of construction, the first and greatest of which is as follows: "The great fundamental rule in construing statutes is to ascertain and give effect to the intention of the legislature."

And likewise the next rule to be followed is: "Every statute must be construed with reference to the object intended to be accomplished by it."

Was the legislature undertaking to designate or regulate anything except the length of time which might be used in serving this notice? Was there any purpose to serve except to prevent delay? In order that the stenographer may be required to make up the transcript, notice must be given, and this notice must be given within a certain length of time, and when this is done the purpose of the statute has been filled. The stenographer has notice before the expiration of ten days after the adjournment of the court, and this is all that is required. In this case the stenographer was given the notice after the testimony had been taken and before the ten days had expired; she was in possession of this notice each of the ten days after the adjournment of the term of court. The notice was given, accepted and acted upon before the expiration of ten days after the adjournment of the term of court, and in our opinion the statute was complied with. In fact, the provision for handing the notice to the stenographer would indicate that promptness in giving the notice was desired and expected rather than delay demanded. We respectfully submit that the motion to strike the stenographer's transcript should be overruled.

*W. C. Sams, F. E. Richardson* and *C. S. Street,* of counsel for the motion.

A motion has been filed in this case to strike the stenographer's transcript of the evidence from the record, and the facts giving rise to the motion are peculiar, and no case has been found whose facts are similar. The record shows the case to have been tried in the chancery court of Lauderdale county on the 5th day of July, 1921, and that a final decree was entered on that day in favor of appellee.

The record further shows that appellant's counsel gave written notice to the stenographer on July 1, 1921; that a transcript of the evidence was desired for the purpose of Appeal. A copy of this notice to the stenographer was filed in the chancery clerk's office on the same day, to-wit: July 1, 1921, as shown by the record. It therefore appears from the record that the notice to the stenographer to

file the notes, was given four days before the case was actually tried, and four days before the final decree was signed by the chancellor.

No other notice to the stenographer appears in the record, and hence no notice to the stenographer was given after the case had been decided and decree entered, nor was any notice given within ten days after the adjournment of court. The certificate of the chancery clerk, attached to the motion, shows that the court finally adjourned on July 9, 1921.

It is submitted that a notice to the stenographer given, as the record shows this one to have been given, four days before the case was tried, is not a compliance with chapter 145, Laws 1920, which requires such notice to be given "within ten days, after the adjournment of court."

This court, in *Dunn* v. *Green,* 86 So. 852, holds that the statute in plain and unambiguous language expressly provides that the notice must be served, within ten days after the adjournment of court and it is submitted that serving the notice four days before the case is shown by the record to have been tried, is not serving it within ten days after the adjournment of court.

At the time the record shows this notice to have been served upon the stenographer, appellant could not know how the case was going to be decided by the chancellor. He might have won the case, and the serving of a notice in anticipation of an adverse decree does not meet the requirements of the statute. Since the court adjourned on July 9, 1921, the proper time to have served notice on the stenographer, according to the Acts of 1920, would have been any day between that time and July 19th.

The record shows that the stenographer's transcript of the evidence was never signed by the trial judge nor agreed to by the parties. If the proper notice was not given to the stenographer, it is not necessary to show that the notes are incorrect in any material particular. *White* v. *Board Supervisors,* 83 So. 611.

128 Miss.—14

Wherefore, we respectfully submit, that the motion to strike out the stenographer's notes of the evidence should be sustained.

SMITH, C. J., delivered the opinion of the court.

On the 1st day of July, 1921, a notice in the form prescribed by the statute was given by counsel for the appellant to the stenographer who took down the evidence in the trial of this case in the court below that a transcript thereof was desired. The decree rendered in the case was entered on the minutes of the court four days thereafter; that is, on the 5th day of July, 1921. The court below adjourned finally on the 9th day of July, 1921. It is stated in the brief of counsel for the appellant that the case was orally decided by the chancellor on the 1st day of July, 1921, but that the decree was not prepared and entered until the 5th day of July, 1921, and that the notice to transcribe his notes was given to the stenographer after the chancellor's oral decision had been announced. This statement is not denied by counsel for the appellee, and we therefore presume that it is true.

The appellee now moves the court to strike the stenographer's transcript of the evidence from the record for the reason that the notice given to the stenographer to transcribe his notes does not comply with the requirement of chapter 145, Laws of 1920, that:

"In all cases in which the evidence is noted by the official stenographer any person desiring to appeal the case shall notify the stenographer in writing within ten days after the adjournment of court of the fact that a copy of the notes is desired. The notice must be handed to the stenographer personally or mailed to him at his usual place of abode."

The contentions of counsel for the appellee are that, first, chapter 145, Laws of 1920, requires the notice to be given the stenographer after the adjournment of the court and before the expiration of ten days therefrom; and, if

mistaken therein, then, second, the notice cannot be given prior to the rendition of the judgment or decree appealed from. We are of opinion that the statute does not require the notice to be given after the adjournment of the court, but only that it be given before the expiration of ten days therefrom, and that notice given after the oral decision of a case and before the entry of the judgment on the minutes of the court is valid.

*Overruled.*