PURITY ICE CREAM CO., INC., *v.* MORTON.

(Division B. March 31, 1930.)

[127 So. 276. No. 28737.]

**A. A. Cohn**, of Brookhaven, for the motion.

J. N. Yawn, of Brookhaven, opposed.

Griffith, J., delivered the opinion of the court.

The motion to docket and dismiss is on two grounds: First, that the record has not been filed in this court within six months from the day of the rendition of the judgment in the trial court; and, second, that there is only one surety on the appeal bond.

The record shows that the required notice was given the stenographer within the ten days required, and that the appeal bond was filed and approved within the six months allowed by statute from the date of the rendition of the judgment. The bond was given and approved on February 26, 1930. This motion was made on March 12, 1930, or only two weeks after the execution and approval of the appeal bond. Under all the recent decisions, although appellant must be prompt and diligent, after taking his appeal, which latter is effectuated by filing the appeal bond, he has thereupon a reasonable time to get the record into this court.

The appeal bond is defective in that it has only one surety. There is an affidavit before us explaining that oversight. Under section 3394, Hemingway's Code 1927 (section 4913, Code 1906), the bond may be permitted to be perfected within a reasonable time, to be allowed by this court. Appellant is granted ten days within which to supply a proper bond, in default of which the appeal

will then be dismissed. Cleveland State Bank v. Exchange Bank, 118 Miss. 768, 79 So. 810.

Motion overruled.