LOVETT *v.* HARRISON.

(Division A. Nov. 16, 1931.)

[137 So. 471. No. 29557.]

**O. R. Singleton,** of Forest, for appellant.

**J. D. Martin,** of Memphis, Tenn., and **A. M. Edwards,** of Mendenhall, for appellee.

No briefs found on points decided by the court in this opinion.

**Smith, C. J.,** delivered the opinion of the court.

A motion has been filed to dismiss this appeal for two reasons: First, the transcript of the record was not filed until after the return day thereof; and, second, the appeal bond is defective.

The appeal bond is defective both as to the competency of the sureties thereon and the amount of the penalty thereof, and a motion to dismiss the appeal for that reason has been met by a request for leave to substitute a new and proper bond. Section 3375, Code of 1930, provides that, "an appeal to the supreme court shall not be dismissed for want of jurisdiction because of a defect . . . in the bond . . . but all defects and irregularities may be cured by amendment." The motion to dismiss therefore must be overruled, and the request to substitute a new bond granted. Hudson v. Gray, 58 Miss. 589; State v. Coahoma County, 64 Miss. 358, 1 So. 501; Cleveland State Bank v. Cotton Exchange, 118 Miss. 768, 79 So. 810; Wills v. Howie, 109 Miss. 568, 68 So. 780; Thorsen v. I. C. R. R. Co., 112 Miss. 139, 72 So. 879.

The original appeal bond was filed and approved within the time allowed for the taking of an appeal, which time has now elapsed. This last fact is of no consequence, however, for the statute does not limit the right

to perfect a defective appeal bond to the time within which appeals must be taken.

The judgment appealed from was rendered on the 19th day of December, 1930, the appeal bond was filed on the 11th day of January, 1931, and the stenographer's transcript of the evidence was filed on the 13th day of February, 1931, within the time allowed therefor. Under sections 55, 3358, and 3371, Code of 1930, it became the duty of the clerk of the court below to certify the transcript of the record to the clerk of the supreme court on or before the first day of March, 1931. Hicks Mercantile Co. v. Musgrove, 108 Miss. 776, 67 So. 213. Instead of doing this, he filed the record a few days before the first Monday of May, 1931, which was the next return day, under the rules adopted by this court pursuant to section 3371, Code of 1930. The appellant should have applied for a writ of certiorari directing the clerk of the court below to send up the record when the first Monday of March passed without the filing of the record in this court; but the failure so to do has resulted in very little, if any, delay in the trial of the case, and therefore the appellee has not been prejudiced sufficiently, if at all, to require the dismissal of the appeal.

The motion to dismiss will be overruled, and a new appeal bond, approved by the clerk of the court below, may be filed within fifteen days.

So ordered.