county, the whole of the proceedings relating thereto,'' and to note further that nothing but the case itself appears to have been recorded, and at the same time to note that one of appellee's main contentions is that all the proceedings in regard to the sales to appellants' predecessors in title made in 1875 do not appear of record.

Suggestion of error overruled.

WILLIAMS *v.* J. E. WALTON & SON *et al.*

(Division B.   Sept. 22, 1947.)

[32 So. (2d) 131.   No. 36477.]

ON MERITS.

(Division B. Nov. 10, 1947.)

[32 So. (2d) 566. No. 36477.]

**Wm. Harold Cox, Wells, Wells, Newman & Thomas,** and **Wm. N. Ethridge, Jr.,** all of Jackson, for appellees, on motion to dismiss.

**B. D. Wade,** of Jackson, for appellant, on motion to dismiss.

Martin Liftin, Bessie Margolin, Wm. S. Tyson, and Frederick U. Reel, all of Washington, D. C., and James W. Price, of Birmingham, Ala., amici curiae.

Argued orally by James W. Price and B. D. Wade, for appellant, and Wm. N. Ethridge, Jr., and Wm. Harold Cox, for appellees.

L. A. Smith, Sr., J., delivered the opinion of the court on motion to dismiss.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

We sustained a motion to dismiss the appeal in this case, 32 So. (2d) 131, 132, because the appeal bond was not conditioned according to law, was not in the penalty required by law, and the surety thereon was not qualified to act as such surety on this appeal, because it was a party to the judgment in the trial court.

However, instead of at once finally dismissing the appeal, we gave appellant another chance to maintain it here, by allowing him the right to file a new appeal bond, free from all three of the objections. On October 22, 1947, appellant filed a new appeal bond, but complying with only two of the conditions laid down in our opinion. He also filed here, for the first time, a certified bill for costs in the trial court, marked paid October 22, 1947, long after adjournment of the lower court, and forming no part of the appeal record.

He failed to obey the order of this Court as to the third condition, supra. The final decree of the Chancery Court

dismissed appellant's bill with prejudice, and entered judgment also that: "the complainant, W. T. Williams, and his surety . . . are assessed with all costs of this suit to be taxed by the clerk of this court and for all of which proper process may issue."

In our original opinion herein, granting appellant thirty days within which to comply therewith, we plainly and clearly said: "The decree of the chancery court was also against appellant's surety, . . . which same company is surety on the appeal bond. This practice, permitting a surety against whom judgment was rendered in the lower court along with its principal there, . . . we have condemned in Jayne v. W. B. Nash Lumber Company, 108 Miss. 449, 66 So. 813. It is true that the sureties were personal there and corporate here, but the announcement of the rule expresses no discrimination between the two classes of sureties, and we do not feel that we should do so here." The cited volume of our reports contained decisions of this Court in 1916, thirty-one years ago. It is, therefore, not a new rule presently declared by us for the first time.

In the case cited, we approved and adopted this statement of the rule in 1 Enc. Plead. & Prac. 1004 [108 Miss. 449, 66 So. 814]: "Where a judgment is rendered on a bond against a principal and his sureties thereon, the sureties become parties to the judgment, and on appeal therefrom they cannot again act as sureties on the appeal bond. It is otherwise where the judgment is rendered only against the principal."

This is the rule adopted by this Court as stated, and as shown, is supported by general authority. The Supreme Court of Washington had before it the identical question here, and also held that where the surety on an appeal bond is a party against whom judgment was rendered, though it be a surety company, the bond is in effect without surety, and hence does not comply with the statute requiring sureties, and the appeal must be dismissed. Smith v. Beard et al., 21 Wash. 204, 57 P. 796.

It was the duty of the appellant to comply with this long-established rule, and especially so, after we granted him thirty days within which to do so, on pain of the dismissal of his appeal. He could do nothing else. He could not thereafter avoid the rule after such an order of this court, or evade it afterward by paying the costs in the court below and seeking to introduce here, for the first time, original evidence of such fact. We held in a recent case that papers filed in a trial court, after its adjournment, were not part of the record and could not be looked to by the Supreme Court. Superior Oil Company v. Smith, 200 Miss. 782, 29 So. (2d) 114. Certainly, no such proof can be made or considered for the first time here. As said by the Supreme Court of the United States in Pacific R. Company v. Ketchum, 101 U. S. 289, 25 L. Ed. 932, "We take a case on appeal as it comes to us in the record, and receive no new evidence." See Harvey v. Briggs, 68 Miss. 60, 8 So. 274, 10 L. R. A. 62, where we said that a certified copy of a record filed here for the first time would be ignored. We have no alternative except to dismiss the appeal, and it is so ordered.

Appeal dismissed.

POWELL v. ALDRIDGE et al.

(Division A. October 6, 1947.)

[32 So. (2d) 146. No. 36506.]