ROBERTSON, Justice:
This is an appeal from the judgment of the Circuit Court of Warren County wherein the court sustained the motion of the Ap-pellee, Mrs. Sybil Cutrer, to strike from the record the county court reporter’s transcript of the evidence and also sustained the motion of the appellee to docket and dismiss the appeal of the Appellant, First National Bank of Vicksburg. We reverse the judgment of the lower court and remand this case to the circuit court for consideration on the merits.
On February 2, 1965, the jury in the County Court of Warren County returned a verdict for $6,500.00 in favor of the Plaintiff, Mrs. Sybil Cutrer, and against the Defendant, First National Bank of Vicksburg. On the same day, the defendant filed a motion for judgment notwithstanding the verdict and also a motion for a new trial. On the next day, February 3, 1965, before the two pending motions had been disposed of, the defendant gave written notice to the court reporter to tran *884 scribe her notes as an appeal was desired to the circuit court. In the notice the defendant stated, “We will post bond within the required period.”
On February S, 1965, an order overruling the motion for judgment notwithstanding the verdict was entered. On the same day, February 5, 1965, judgment on the jury verdict of February 2, 1965, was entered, and also an order overruling the motion for a new trial. On February 8, 1965, the defendant filed an appeal bond with superse-deas, thereby perfecting its appeal from the county court to the circuit court. In her motion to strike the county court reporter’s transcript of the evidence and the entire record, the appellee-plaintiff alleged that:
“Appellant’s Notice to the Court Reporter was dated and given to the Court Reporter on February 3, 1965, prior to the Court’s passing upon and disposing of Appellant’s Motion for Judgment Notwithstanding the Verdict and Appellant’s Motion for New Trial, which were not disposed of by the Court until February 5, 1965, when both Motions were overruled, and under the decision in the case of Mayflower Mills v. Breeland, 168 Miss. 207, 149 So. 787 (1933) the Court Reporter’s notes, transcribed and filed must be stricken from the record.”
In Mayflower Mills v. Breeland, 168 Miss. 207, 212-13, 149 So. 787 (1933), this Court in its opinion summarized the facts as follows :
“It appears that there was a trial on the issues between the parties at the November, 1931, term of the circuit court of Copiah county, at which term a motion for a new trial was filed and taken under advisement by the trial judge to be decided on or before January 4, 1932. There was no disposition of the motion for a new trial on that date, and at the February, 1932, term, the court was opened and adjourned under section 733, Code 1930. In other words, there was no business disposed of by the circuit court at the February term. At the July, 1932, term, the court overruled the motion for a new trial; the order overruling same being made on August 10, 1932. An appeal bond for $200 was filed on November 4, 1932, instead of for $500 as required by law, but a bond for $500 is tendered in this proceeding here which has been approved by the clerk of the circuit court.”
On December 2, 1931, before the motion for a new trial had been disposed of, the following notice to the court reporter was given:
“You will please transcribe the stenographic notes taken by you at the trial of the above styled case at the November term thereof, if, and when the circuit judge overrules the motion for a new trial filed in the case, as an appeal is desired to be taken to the Supreme Court of the State of Mississippi.” 168 Miss, at 214, 149 So. at 788.
This Court in ruling on the questions involved said:
“The notice above quoted in the case at bar was given prior to action upon the motion for a new trial and was conditioned upon ‘if and when’ said motion should be afterwards overruled. To uphold a notice of this kind would be to require the court reporter to keep track of all the court’s orders, and this would be manifestly unsound and unfair to the court reporter.”
«* * * jj
“In legal effect, the notes are not officially the notes of the court reporter, because he was given no legal notice, and the giving of this notice is jurisdictional.” 168 Miss, at 215, 149 So. at 788.
We are of the opinion that the Mayflower Mills case is not controlling. Prior to the decision in Mayflower Mills, this Court decided Clark v. Merchants & Manufacturers’ Bank, 128 Miss. 206, 90 So. 844 (1922). In that case the chancellor orally announced his decision, and the losing party gave no *885 tice to the court reporter to file a transcript of the evidence, which the court reporter did. The decree was not entered on the minutes until four days after the notice to the court reporter had been given. This Court overruled the motion to strike the transcript, and reasoned thusly,
“We are of opinion that the statute does not require the notice to be given after the adjournment of the court, but only that it be given before the expiration of 10 days therefrom, and that notice given after the oral decision of a case and before the entry of the judgment on the minutes of the court is valid.” 128 Miss, at 211, 90 So. at 844.
In Redmond v. Hilliard, 190 Miss. 839, 199 So. 83, 200 So. 130 (1940), the notice to the court reporter was given prior to the entry on the minutes of the order overruling the motion for a new trial and prior to adjournment of court but after the judge had orally announced he would overrule the motion for a new trial. In overruling the motion of appellee to strike the transcript, the Court discussed at some length Clark v. Merchants and Manufacturers Bank, supra, and Mayflower Mills v. Breeland, supra, and construed the opinion in Mayflower Mills to mean that the notes were stricken for two reasons, namely, the notice was given prior to action on the motion for a new trial, and the notice was conditioned upon “if and when said motion should be afterwards overruled.” It is also significant that in Mayflower Mills v. Breeland the notice was given on December 2, 1931, and the motion for a new trial was not overruled until one term of court had opened and adjourned and a second term convened in July, 1932.
This Court has held the notice to the court reporter ineffective in all cases where it was not given within the statutory ten •day period, but where there has been substantial compliance with the statute and its purposes within the ten day period, the Court will not strike the record for technical reasons. In The Fisherman and Allied Workers v. Quaker Oats Company, 235 Miss. 401, 419, 106 So.2d 144, 145 (1958), notice was given to the wrong court reporter, but this Court declined to strike the transcript which had been filed, and said:
“Where a litigant in good faith, attempting to give the required notice within the time provided by law, mistakenly gets the wrong name of the reporter, but also files a copy thereof with the clerk, and the reporter obtains such notice that, with prompt dispatch, she makes up and files the transcript, the evidence will not be stricken for the highly technical reason that a mistake was made in the name of the court reporter. In such instances, the adversary party can, in no way, be prejudiced.”
Counsel in many cases give notice of appeal to the court reporter as a matter of form, knowing that the appeal will not be perfected until a proper appeal bound is posted and approved. Gulf, Mobile & Ohio RR. v. Forbes, 228 Miss. 134, 87 So.2d 488 (1956); Davidson v. Hunsicker, 224 Miss. 203, 79 So.2d 839, 80 So.2d 834 (1955); Johnson v. Mississippi Power Co., 189 Miss. 67, 196 So. 642 (1940).
The posting of a proper appeal bond is jurisdictional, but even then the Legislature has been liberal in providing that an appeal will not be dismissed because of technical defects in the bond. In Mississippi Code Annotated 1942 section 1959 (1956), it is provided that:
“An appeal to the Supreme Court shall not be dismissed for want of jurisdiction because of a defect in the application for appeal, or in the bond, or because of any failure by an officer to comply with the requirements of law in reference to appeals; but all defects and irregularities may be cured by amendment, so as to perfect the appeal and obtain the judgment of the Supreme Court in the case, but the court may dismiss an appeal for a failure of the appellant to do, within a reasonable time, what may be necessary to perfect his appeal.”
*886 In the case of Purity Ice Cream Co. v. Morton, 157 Miss. 728, 127 So. 276 (1930), wherein the appeal bond that had been filed was defective because it had one surety thereon, the appellant was granted 10 days to supply a proper appeal bond.
In the case of Lovett v. Harrison, 162 Miss. 814, 137 So. 471 (1931), it was held that leave may be granted to perfect a defective appeal bond after expiration of time allowed for taking an appeal, and that a motion to dismiss the defective appeal bond would be overruled and a request to substitute a new bond granted.
The holdings in the above cited cases clearly demonstrate that both the Legislature and Courts do not desire to dismiss appeals where the Gomplaint is of form and not of substance.
In the instant case, proper appeal bond was filed and approved on February 8, 1965, after final judgment, and orders overruling the motion for judgment notwithstanding the verdict and motion for a new trial, had been entered on February 5, 1965. The appeal was thus perfected on February 8, 1965, 3 days after the entering of final judgment and after pending motions had been properly disposed of by orders on the minutes of the court. Any prematurity in the filing of the notice of appeal with the court reporter was thus cured by the entering of final judgment, the proper disposition of pending motions, and the filing and approval of the appeal bond.
We are of the opinion that the Court should not strike a transcript of the testimony for purely technical reasons where there has been no prejudice to the opposite party.
Our cases are clear on the point that this Court will strike the transcript of the testimony whenever the appellant fails to give any notice within the prescribed ten day period, but will not strike the transcript where a substantial compliance with the statute is made by the appellant in good faith, before the expiration of the ten day period, and the testimony is in fact transcribed and filed.
The judgment of the lower court striking the transcript and the record is reversed, and this cause remanded to the Circuit Court for consideration on the merits.
Reversed and remanded.
GILLESPIE, P. J., and RODGERS, PATTERSON and SMITH, JJ., concur.