ON MOTION FOR LEAVE TO AMEND APPEAL BOND
PER CURIAM:
J. D. Mullican, Inc., (Mullican) filed suit in the Chancery Court of Hinds County against Impar Enterprises, Inc. (Impar), Clow Corporation (Clow), and Insurance Company of North America (Insurance Company). The suit resulted in a judgment in favor of J. D. Mullican, Inc., against Clow and Impar in the sum of $36,819.35, and against Insurance Company in the sum of $34,380. The decree further provided that Insurance Company recover on its cross-bill from Clow and Impar .the said sum of $34,380.00 if Insurance Company alone pays the amount of said judgment and a reasonable attorney’s fee of $3,000.00 plus interest.
On July 20, 1976, Clow filed its appeal bond for an appeal to this Court. The bond was in the penal sum of $49,774.18, and the obligee was J. D. Mullican, Inc.
After the expiration of the forty-five-day period within which an appeal bond may be filed, Clow filed a motion for leave to amend the appeal bond so as to add the name of Insurance Company of North America as an obligee therein.
Insurance Company contends that the motion is not well taken and should be overruled because Clow did not appeal as to Insurance Company within the forty-five-day period provided by Mississippi Code Annotated section 11-51-5 (Supp.1975). Clow contends that it is entitled to the benefit of Mississippi Code Annotated section 11-3-5 (1972), which reads as follows:
An appeal to the supreme court shall not be dismissed for want of jurisdiction because of a defect in the application for appeal, or in the bond, or because of any failure by an officer to comply with the requirements of law in reference to appeals; but all defects and irregularities may be cured by amendment so as to perfect the appeal and obtain the judgment of the supreme court in the case; but the court may dismiss an appeal for a failure of the appellant to do, within a reasonable time, what may be necessary to perfect his appeal.
The Court has construed section 11-3-5 in a number of cases. In Snipes v. Commercial and Industrial Bank, 225 Miss. 345, 82 So.2d 895 (1955), the Court stated:
This statute is broad in its terms and we should not limit its application to trivial defects and irregularities. It should be liberally construed in favor of allowing the case to reach final judgment on the merits. 225 Miss, at 360, 82 So.2d at 896.
And in First National Bank of Vicksburg v. Cutrer, 190 So.2d 883 (Miss.1966), the Court again held that the Legislature intended a liberal approach to the problem now before the Court.
In the present case the bond was filed in the correct amount within the statutory period and the Court is of the opinion that under the facts of this case the motion should be sustained. Accordingly, leave is hereby granted Clow to file an amended appeal bond in accordance with the copy of the proposed bond attached to its motion. This motion was considered by the Court en banc.
PATTERSON and INZER, P. JJ., and ROBERTSON, SUGG and LEE, JJ., concur.
GILLESPIE, C. J., and SMITH, WALKER and BROOM, JJ., dissent.